## WILLIE HARJO v. UNITED STATES.

No. 781, Ind. T.    Opinion Filed January 13, 1909.

(98 Pac. 1021.)

1.    CONTEMPT—Misconduct in Summoning Talesmen. If any officer, whose duty it shall be to summon a jury or to select and summon talesmen, when the regular panel of jurors has been exhausted, shall be guilty of unlawful, partial, or improper .conduct in selecting or summoning such jurors or talesmen, he commits an act of gross contempt of court, and should be severely punished for such conduct.

2.    JURY—Summoning—Impartiality of Officer. It is the duty of the. officer who summons jurors, or who selects and summons talesmen, to use his best efforts to secure men of intelligence, courage, and good moral character, but in doing this he should act with entire impartiality between the prosecution and the defendant.

3.    TRIAL—Withdrawing Case from Jury—Misconduct of Officer. When a motion is made, supported by affidavit, to withdraw a case from the consideration of, and to discharge, a jury, on account of improper action of the officer who selected and summoned the jury, or the talesmen, and such motion is made as soon as the facts stated therein come to the knowledge of the defendant or his counsel, and the matters of fact therein stated are not denied under oath, they will be taken as confessed, and will be construed. most strongly against the prosecution and in favor of the defendant.

4.    JURY—Challenge to the Array. A challenge to the array or panel will lie for bias, partiality, or irregular action of the summoning officer.

5.    APPEAL—Reversal. When the record shows that a conviction has been fairly obtained, this court will not consider technical errors which do not affect the substantial rights of the defendant. But we will

not allow any judgment of conviction to stand when the record shows that unfair means were resorted to in order to obtain it.

(Syllabus by the Court.)

*Appeal from the United States Court for the Western District of the Indian Territory; Louis Sulzbacher, Judge.*

Willie Harjo was convicted of murder, and he appeals. Reversed.

On the 14th day of April, 1905, Willie Harjo, hereinafter called defendant, was indicted in the United States Court for the Western District of the Indian Territory, sitting at Wewoka, for the offense of murder. The defendant was arraigned and pleaded not guilty. The defendant was placed on trial on said indictment, and on the 11th day of April, 1906, was, by the jury found guilty of murder without capital punishment. Defendant filed a motion for a new trial, which, being overruled, defendant excepted. This case was carried by appeal to the United States Court of Appeals of the Indian Territory. Upon the admission of the state of Oklahoma into the Union under the enabling act (Act June 16, 1906, c. 3335, 34 Stat. 267) and the Constitution, the case was transferred to the Supreme Court of Oklahoma, Upon the creation of the Criminal Court of Appeals, the case was transferred to this court as directed by the statute.

*Crump & Rogers* and *W. J. Crump,* for appellant.

*William M. Mellette,* for the United States.

FURMAN, PRESIDING JUDGE (after stating the facts as above). After two witnesses had been introduced on behalf of the prosecution, the defendant filed a motion, supported by affidavit, to withdraw the case from the jury, and that the jury be discharged from the further consideration of the case, upon the ground that, after the regular panel of jurors had been exhausted, the deputy marshal, who was ordered to summon talesmen to complete the panel, was guilty of improper conduct in summoning said talesmen, by discriminating against the de-

fendant in refusing to summon men to serve as jurors who were acquainted with George Crump, one of the attorneys for the defendant. It appears from the record that before summoning a talesman, the deputy marshal would ask him if he was acquainted with George Crump, and then press the inquiry as to the extent of the acquaintance; and, if it appeared that the party interrogated was well acquainted with the said Crump, the deputy marshal would say, "That is all," and would pass on to other persons, without summoning such person as a talesman. It further appears that this motion was filed as soon as the information upon which it was based came to the knowledge of defendant and his counsel. There was no reply to, or denial of, the statements of fact contained in the motion and in the affidavit filed in support thereof. Here is a direct charge of improper conduct, and discrimination against the defendant, on the part of an officer of the court. This charge is supported by affidavit. If the charge was untrue, it was the duty of the prosecution to reply to it. Failing to do this, we are bound to consider the facts stated as confessed.

This case originated in that section of the state which then constituted Indian Territory. Section 1057, Carter's Ind. T. Ann. St. 1899, which was placed in force in that territory by act of Congress, is as follows:

"Every person whose duty it shall be to select or summon jurors, in any court, or before any officer who shall be guilty of any unlawful, partial, or improper conduct, in selecting or summoning any juror, shall be deemed guilty of a misdemeanor and on conviction, shall be fined in any sum not less than one hundred dollars."

It will not be denied that it was improper, and clearly indicated partiality, for the officer who was charged with the duty of selecting and summoning the talesmen to attempt to exclude from the jury those who were acquainted with counsel for the defense. To tolerate such conduct would be to permit such an officer, charged with the duty of selecting and summoning talesmen, to amend the statute, and create a new ground for challenge

for actual bias, viz., that of being acquainted with counsel for
the defendant, while acquaintance with the prosecuting attorney
would not be a disqualification. It is the duty of an officer se-
lecting and summoning talesmen to use his best judgment in
securing men of intelligence, courage, and good moral character.
But in doing this he should act with entire impartiality. It was
to secure this result that the statute above quoted was enacted.
There being no denial of the motion and affidavit filed by the de-
fendant, we are required to construe the statements there made
most strongly against the officer, and in favor of the defendant.
From this standpoint the officer was guilty of gross contempt
of court, as well as a violation of a penal statute, and should have
been required to make a satisfactory explanation, or have been
severely dealt with. Courts cannot be too careful in rigidly sup-
pressing everything which indicates the least bias or partiality
in the selection, summoning, or taking care of jurors. Anything
which gives the least odor of unfairness in the selection, summon-
ing, or control of a jury will taint their verdict, and constitute
a ground for reversal. Trial by jury means much more than a
trial by 12 men. It not only means that the 12 men must
possess the qualifications prescribed by law, but it also means
that they must have been selected and summoned by impartial
and disinterested officers.

The justice of this position is so manifest that it is not deemed
necessary to cite many authorities in its support, but we will give
a few.

"A challenge to the arary or panel will also lie for the
bias, partiality, or irregular action of the summoning officer."
(Ency. Pl. & Prac. vol. 12, p. 421, and authorities there cited.)

"It is essential to the fair and impartial administration of
justice that the jury shall be selected and summoned by officers
having no interest in the matters to be decided by them. An
officer is not qualified to act in summoning a jury if he is inter-
ested in the event of the action, although not a party of record.
When a jury is summoned by an officer who is disqualified for
such reasons as are above stated, it is ground for challenge to the
array." (24 Cyc. p. 226, and authorities there cited.)

The weight of authority goes even further than is stated in the above quotations, and holds that, if the officer who selects and summons the jury allows one who is interested in the case pending to suggest names or point out persons to be summoned, although the officer himself may not be otherwise objectionable, yet such conduct is ground for challenge to the array.

The motion to withdraw this case from the consideration of the jury, and discharge the jury was made at the earliest possible moment after the facts came to the knowledge of defendant and his counsel. It was therefore in time. It is the supreme purpose of this court to see that every person charged with crime shall receive, as near as possible, a fair trial. No trial which is not fair comes within the definition of "due process of law." When the record shows that a conviction has been fairly had, then this court will not consider technical errors which do not affect the substantial rights of the defendant. But we will not allow any judgment of conviction to stand when the record shows that unfair means were resorted to in order to obtain it. It is true that the defendant in this case is an ignorant Indian, who cannot speak or understand the English language. So much the greater reason why the trial court should have been vigilant in guarding his right to a fair trial.

There are other questions presented in this record, but we will confine our decision to the question presented alone, in order that we may emphasize the idea that trials must be fair, or convictions will not be sustained by this court. We are determined that every person in Oklahoma, regardless of race or nationality or social position or poverty, can rely upon the absolute fairness of the courts of the state.

For the error in overruling defendant's motion to withdraw this case from the consideration of, and to discharge, the jury, the judgment is reversed.

BAKER and DOYLE, JUDGES, concur.