## DAVE KOONTZ v. STATE.

No. A-1685.   Opinion Filed April 7, 1914.

(139 Pac. 842.)

1.   **CRIMINAL LAW—Copy of Accusation—Rights of Defendant.** The Constitution gives the accused the right to ''be informed of the nature and cause of the accusation against him and have a copy thereof.'' Section 20, Bill of Rights. Under this provision he has the right to insist upon having a copy of the accusation delivered to him before his trial; and, if he so insists, the trial cannot lawfully proceed until the requirement has been complied with.

2.   **JURY—Challenge to Panel—Bias of Summoning Officer.** Under the provisions of section 5848, Rev. Laws 1910, when a panel is formed, or in part formed, from jurors whose names are not drawn from the jury box, a challenge may be taken to the panel, on account of any bias of the officer who summoned them, which would be good ground of challenge to a juror.

3.  **SAME—Summoning Officer—Disqualification.** It is essential to the fair and impartial administration of justice that an open or special venire should be summoned by an officer who is not disqualified by reason of interest, bias, or prejudice.

4.  **EVIDENCE — Declarations of Codefendant — Hearsay.** Declarations of a co-defendant, made after the commission of the crime and in reference to it, held hearsay and improperly admitted.

5.  **SAME—Evidence of Other Offenses—Admissibility.** Evidence of an offense other than the one charged is admissible only when it tends to prove the offense charged. To be competent and admissible, it must have some logical connection with the offense charged.

6.  **TRIAL—Conduct of Judge—Examination of Witness.** ''Judges are as much judges for the defendant as for the state, and are supposed to sit fairly and impartially between the rights of the state, on the one hand, and the defendant, on the other. To become a partisan either for the state or defendant is to desert the high position to which the judge is elevated, and assume the role of the advocate.''

*Appeal from District Court, Roger Mills County;*
*G. A. Brown, Judge.*

Dave Koontz was convicted of robbery in the first degree, and appeals. Reversed.

*Mouser & Moore* and *E. L. Mitchell,* for plaintiff in error.

*Chas. West,* Atty. Gen., for the State.

DOYLE, J. This appeal is prosecuted from a conviction had in the district court of Roger Mills county, in which plaintiff in error, Dave Koontz, was found guilty of robbery. October 16, 1911, the court rendered judgment and he was sentenced to be imprisoned in the penitentiary for a period of 50 years.

The information on which plaintiff in error was tried and convicted, jointly charged Dave Koontz, Charley Koontz, and Hal Buie, alias R. F. Graham, with the crime of robbery, committed in Roger Mills county on the 19th day of November, 1910, by taking from the possession and immediate presence of H. L. Goode $800. Each defendant was granted a separate trial. Charley Koontz was tried first and convicted, and Hal Buie, alias R. F. Graham, was next tried and convicted; the trial of plaintiff in error being the last of the trio.

The evidence shows that on the date alleged, a few minutes after the Cotton Exchange Bank, in the town of Crawford, had opened for business that day, Charley Koontz and Hal Buie stepped in, and Hal Buie, holding a pistol on the cashier, H. L. Goode, told him and his wife and Don Roberts, who were present, to put up their hands, and Charley Koontz stepped into the vault and took between $800 and $900. They then compelled H. L. Goode and Don Roberts to leave the bank and go with them to where their horses were, and, mounting their horses, they rode off to the south. Plaintiff in error lived with his family on a farm between Crawford and Cheyenne, the county seat. The theory of the state is that plaintiff in error, though not present when the robbery was actually committed, aided and abetted in its commission.

The record is voluminous, consisting of more than 800 pages. Upon a careful examination of the same we have concluded that the judgment must be reversed.

Of the various assignments set forth in the petition in error, we shall notice those only which in the new trial granted will be liable to again arise.

On September 5, 1911, plaintiff in error was arraigned. The next day he entered a plea of not guilty, and was remanded to the custody of the sheriff. The case was set for trial September 11th, coming on for trial on that day; the county attorney obtained leave of court to indorse names of additional witnesses upon the information, and to amend said information by interlineation and by striking out certain words, and dismissing as to defendants Charley Koontz and R. F. Graham. Thereupon the state announced ready, and the defendant refused to answer at this time. A demurrer to the amended information was interposed and overruled. The defendant was not arraigned upon the amended information, and no plea was entered thereon. The case proceeded to trial over the objection of plaintiff in error on the ground that he, being confined in the county jail, was not served with a copy of the amended information. The objection was overruled, and exception allowed. Plaintiff in error then

objected to the impaneling of the jury to try said cause. The
jury was impaneled and sworn.

When the state opened its case, plaintiff in error objected
to the introduction of evidence, for the reasons, among others,
that the defendant had not been furnished a copy of the amended
information; that the defendant was not present in court when
the case was called for trial, at which time the court permitted
the county attorney to serve a list of the state's witnesses on
counsel for plaintiff in error; that the same were not indorsed
on the original information, and "the defendant renews his ob-
jection to the impaneling of the jury and to the array thereof for
the reasons stated in his affidavit and challenge to the panel, be-
cause of the bias and prejudice of R. L. Trammell, sheriff,
against this defendant." The objection was overruled, exception
reserved. We think that the action of the court in calling the
case for trial before a copy of the amended information was
furnished to plaintiff in error constitutes reversible error. The
language of section 20 of the Bill of Rights is:

"In all criminal prosecutions the accused  *  *  *  shall be
informed of the nature and cause of the accusation against him,
and have a copy thereof."

And the statute requires that the names of the witnesses
shall be indorsed thereon. The constitutional provision preserves
an important right to the accused, and the manifest purpose of
requiring the names of the witnesses to be indorsed upon the in-
dictment or information is to inform the accused upon whose
testimony the state relies to secure a conviction, so that he may
know what evidence he may reasonably expect to be offered
against him, and this in order to enable him to prepare for his
defense. Plaintiff in error did not offer any evidence upon his
trial, and in no manner waived his objections.

Hal Buie, alias R. F. Graham, whose name was indorsed on
the amended information, testified as an accomplice. On his
cross-examination, he testified that he was a witness in his own
behalf on his separate trial, and that he then testified that he
was not acquainted with Dave Koontz. He further testified that
his testimony in his own behalf was wholly false. The record

shows that thereupon plaintiff in error moved the court to with-draw the case from the jury and remand him to the custody of the sheriff for another trial, "for the reason that he is surprised at this time by the testimony and admission of Hal Buie, alias R. F. Graham, that his testimony given on his trial was false." The offer of plaintiff in error, on the ground of surprise at the testimony of Hal Buie, the only witness for the state who gave positive and direct testimony tending to connect plaintiff in error with the commission of the offense charged—and he had no notice that said witness would be called as a witness in chief against him—confirms our conclusion that the court committed error by compelling plaintiff in error to go to trial, over his objections as shown by the record. We also think that it is apparent from the record that the court erred in denying the motion to discharge the jury.

Error is also assigned on the action of the court in over-ruling the objection of plaintiff in error to allowing R. L. Trammell, sheriff, to summon talesmen to serve on the jury; said objection being made by affidavit, on the ground that said sheriff was biased and prejudiced against said plaintiff in error, and on a challenge to the panel. It appears from the record that the regular panel drawn from the jury box was exhausted before the requisite number of jurors had qualified on their *voir dire,* and the court thereupon issued an order commanding the sheriff to summon twelve talesmen. Thereupon counsel for plaintiff in error presented to the court his affidavit, stating "that he has reason to believe, and verily believes, that R. L. Trammell, sheriff of Roger Mills county, is biased and prejudiced against him in this cause, and that said sheriff will not select and summon impartially and fairly the talesmen to be impaneled as jurors in this case by reason of his bias and prejudice against this defendant," and moved the court to appoint some person other than said sheriff to summon and select the talesmen according to the order made. The court overruled the motion, and stated: "You will have an opportunity to examine the talesmen." Thereupon plaintiff in error demanded the right to examine said sheriff in support of his motion, which demand was by the court overruled.

Before the jurors summoned on the open venire were sworn, plaintiff in error interposed a challenge to the panel on the ground of the bias and prejudice of the sheriff who summoned them. Plaintiff in error's affidavit as to the bias and prejudice of the sheriff who summoned the open venire was not controverted, and it appears from the record that the name of R. L. Trammell was indorsed on the original and amended informations, and that he testified on the trial as a witness for the state. The challenge was disallowed. We think the court erred in overruling the motion to disqualify the sheriff, and in refusing to permit the sheriff to be sworn and examined in support of the motion and challenge to the panel, and in disallowing the challenge to the panel the court erred. Section 5848 (Rev. Laws 1910) Procedure Criminal, provides:

"When the panel is formed from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground of challenge to a juror. Such challenge must be made in the same form, and determined in the same manner as if made to a juror."

The language of the statute is so plain that no room is left for interpretation. It authorizes a challenge to the panel, on account of the bias of the officer who summons a jury on an open or special venire, upon what would be good ground of challenge to a juror for bias. If, then, a challenge for cause would have been sustained against a person called as a juror because he was a material witness for the state, a challenge would also lie upon the same ground to a panel summoned by him. If he would not be qualified as a juror because of actual or implied bias, as defined by sections 5858 and 5859 (Rev. Laws 1910), he would also be disqualified for the same reason to summon a jury, in whole or in part, whose names are not drawn as jurors from the jury box.

The precise question has been considered by the Supreme Court of Idaho, upon a similar statute, in the case of *State v. Jordan*, 19 Idaho, 192, 112 Pac. 1049. Chief Justice Stewart, delivering the opinion of the court, used the following language:

"There is a very strong reason for the rule announced by the statute. The officer having the order for the special venire in serving the same would have power to exercise his judgment partially, and to summon jurors whom he might think would favor the prosecution, and thus return a jury wholly favorable to the prosecution, and it is because such power might be executed partially that the statute makes the fact that the officer is a witness for the prosecution a cause for challenge to the panel thus selected by him on the ground of implied bias. For this reason we think the court erred in denying the challenge to the jury panel." .

And see *State v. Kent,* 4 N. D. 601, 62 N. W. 631, 27 L. R. A. 686.

It is essential to the fair and impartial administration of justice, that an open or special venire shall be summoned by an officer who is not disqualified by reason of interest, bias, or prejudice. *Harjo v. U. S.,* 1 Okla. Cr. 590, 98 Pac. 1021, 20 L. R. A. (N. S.) 1013.

A number of errors are assigned in regard to the admission of certain testimony. Notwithstanding objection and exception of counsel for plaintiff in error, the court permitted witness Hal Buie to testify in reference to a conspiracy to rob the Cheyenne State Bank. This testimony takes up more than 60 pages of the record, and was clearly inadmissible, because, if true, it had reference to a separate and distinct proposed crime, entirely disconnected with the offense with which this defendant was charged. Generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish a common scheme or plan, embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or to connect the defendant with the commission of the crime charged. The general rule as to the admission of testimony of the commission of offenses other than the one charged is that it is inadmissible, and the evidence objected to does not fall within the exception of the general rule. It appears that the court, in its instructions, directed the jury to disregard and not consider this part of the testimony of the witness Hal Buie. However, we do not think that the admission

of this testimony to the defendant's prejudice was, by any means, cured by giving the aforesaid instruction.

The court permitted witness R. L. Trammell to testify, against defendant's objection, to a conversation had with the accomplice witness, Hal Buie, six months after the robbery was committed, and this is assigned as error. Witness R. L. Trammell testified in reference to Dave Koontz's premises, describing the same in detail, and that Hal Buie while in the county jail had given him a correct description of the premises, and that he went to the premises and found that Buie's description was correct. This evidence tended to corroborate Buie's accomplice testimony, and that was its manifest purpose. It was clearly incompetent. Under the rules of evidence, declarations of joint defendants, made after the commission of the crime and in reference to it, in the absence of the defendant on trial, are not competent. Such declarations are regarded as any other hearsay testimony, and we cannot say that, without this incompetent testimony, the jury would have found the verdict for the state; this testimony may have made the complement of proof which satisfied their minds. In that case plaintiff in error would have been convicted upon illegal evidence.

Again, it is contended that the court erred by propounding to the witness Hal Buie a series of questions relative to a conversation had by the trial judge with said witness. It appears from the record that witness Buie testified that he made a written statement, implicating plaintiff in error, between the time of his conviction and before he was sentenced, at the instance of the sheriff and the county attorney, and that he talked with the trial judge at that time in their presence. The record then recites:

"Examination by the Court. Q. You sent word by Mr. Trammell and Mr. Grim that you would like to talk to the court? A. Yes, sir. Q. You were carried to Mr. Grim's office for that purpose? A. Yes, sir. Q. Didn't I tell you that if anybody else was in this offense, that we wanted them all? A. I believe that is the way it was mentioned. Q. If you knew any facts that would establish the guilt of any one else, why, you could tell them to Mr. Trammell and Mr. Grim? A. Yes, sir. Q. That we didn't want any untruth; didn't want any foolishness? A.

That is the way you expressed it, didn't want any foolishness. Q. I told you that the court had heard the evidence; that from the nature of it, it established the fact that you was the leader in the robbery? A. That is what you said; you said that you intended to give me the full extent of the law, which would be 50 years. Q. The evidence showed that you was the leader, and that I intended to give you 50 years? A. Yes, sir. Q. But if you knew any facts and would tell them to the officers and substantiate them by the evidence, that I would take that into consideration in fixing your punishment? A. You did; yes, sir. Q. Then I told you to go ahead and talk with the officers? A. Yes, sir, and left the room."

By this series of questions and the answers thereto it would seem that the learned trial judge unintentionally indicated to the jury that the witness was worthy of belief, because in his conversation with him he admonished him that the officers wanted no untruth.

In *Hicks v. U. S.*, 2 Okla. Cr. 626, 103 Pac. 873, Furman, Presiding Judge, delivering the opinion of the court, said:

"Trial courts cannot be too careful and guarded in their efforts to avoid allowing the juries to discover the opinion of the judge as to the weight of the evidence and the credibility of the witnesses. No judge has the right to throw his opinion as to the credibility of any witness for the state or the defendant as a firebrand into the jury box. 'Absolute fairness to all who have business here' should be written over the portals of every court in Oklahoma, and this principle should control every action and every ruling of our trial courts."

In the case of *Murphy v. State*, 57 S. W. 967, the Court of Criminal Appeals of Texas says:

"Judges are as much judges for the defendant as for the state, and are supposed to sit fairly and impartially between the rights of the state, on the one hand, and the defendant, on the other. To become a partisan either for the state or defendant is to desert the high position to which the judge is elevated, and assume the role of the advocate."

We cannot say that the jury was not influenced by this series of questions, to the prejudice of the defendant.

Again, it is contended that the court erred in its charge to the jury, and particularly in misstating the issue.

The part of instruction No. 8 complained of is as follows:

"* * * And satisfy your minds to a moral certainty, and beyond a reasonable doubt, that Charley Koontz and Hal Buie, alias R. F. Graham, on or about the 19th day of November, 1910, in Roger Mills county, in the state of Oklahoma, robbed the Cotton Exchange Bank, in the town of Crawford, and that the defendant, Dave Koontz, aided and abetted the said Charley Koontz and Hal Buie, alias R. F. Graham, in the commission of said offense, then you are instructed that the law regulating the competency and character of circumstantial evidence will be satisfied, and in that event the said Dave Koontz was and is equally guilty with the said Charley Koontz and Hal Buie, alias R. F. Graham, as a principal in the commission of said offense, although he may not actually and personally have been present at said bank at the time of the robbery thereof."

Instruction No. 11 is as follows:

"And if you further believe from the evidence, beyond a reasonable doubt, that the defendant, Dave Koontz, advised or encouraged the said Charley Koontz and Hal Buie, alias R. F. Graham, to rob said bank, did furnish or supply the said Charley Koontz and Hal Buie, alias R. F. Graham, or either of them, with a horse or horses, or with arms, guns, or ammunition, with intent on the part of him, the said Dave Koontz, thereby to encourage, aid, or assist the said Charley Koontz, and Hal Buie, alias R. F. Graham, to rob said Cotton Exchange Bank, or that he, the said Dave Koontz, knowing the unlawful intent and purpose of the said Charley Koontz and Hal Buie, alias R. F. Graham, to rob said bank, with the intent to encourage, aid, and assist them in the commission of said offense, did show, advise, inform, and instruct the said Charley Koontz and Hal Buie, alias R. F. Graham, how to find and reach the town or place where said bank was situated, then you will find the said defendant, Dave Koontz, guilty of robbery in the first degree," etc.

The objection made to these instructions is that while the information charges the defendant, Dave Koontz, and others, with the robbery of H. L. Goode, the court in the instructions tells the jury that if they find that the defendant, Dave Koontz, aided or abetted in the robbery of the Cotton Exchange Bank, then the jury should convict the defendant, Dave Koontz, on

the charge of robbing H. L. Goode. The information does not mention the Cotton Exchange Bank, and does not allege that H. L. Goode was an officer, or that he had any connection with the Cotton Exchange Bank. These instructions are clearly in violation of the universally accepted doctrine and the fundamental principle of law that a person may not be convicted of any crime other than the one charged in the indictment or information.

For the reasons herein expressed, the judgment will be reversed for proceedings consistent with this opinion. The warden of the penitentiary is directed to surrender plaintiff in error to the sheriff of Roger Mills county, who will hold him in custody until he shall be discharged therefrom, or as otherwise ordered according to law.

ARMSTRONG, P. J., and FURMAN, J., concur.