## JOHN GRISSON v. STATE.

No. A-3058.   Opinion Filed December 10, 1919.

(185 Pac. 452.)

1. **JURY—Challenge to Panel—Bias of Summoning Officer.** When a panel of jurors is formed, or in part formed, from jurors summoned on an open venire by an officer who is biased and prejudiced against the defendant, to such extent as would be good ground of challenge to a juror, the overruling of a challenge of the panel on the ground of such bias and prejudice of the summoning officer against the defendant is reversible error.

2. **APPEAL AND ERROR—Necessity of Challenge for Bias of Summoning Officer.** That the sheriff or other officer who summoned upon an open venire a panel or a part of a panel of jurors is biased or prejudiced against a defendant is made, by section 5848, Rev. Laws 1910, a special ground of challenge, but in order to have such question reviewed by this court a defendant must interpose a challenge to such panel and, failing so to do, such ground of objection to the jury is waived.

*Appeal from District Court, Jackson County;*
*Frank Mathews, Judge.*

John Grisson was convicted of burglary, and he appeals. Affirmed.

*Dabney & Morrill,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, John Grisson, hereinafter designated as defendant, was informed against for burglary, found guilty, and sentenced to imprisonment in the penitentiary at McAlester for a term of two years. To reverse the judgment rendered on the verdict, he prosecutes this appeal.

As no question is raised as to the sufficiency of the evidence to sustain the conviction of the defendant of burglary as charged in the information, and the sole error complained of in defendant's brief being "that the court, over the objection of the defendant, permitted the sheriff to select the jury to try the accused," after the defendant had exhausted all but one of his peremptory challenges, it is unnecessary to recite the evidence.

The information in this case was verified by J. C. Ford, the sheriff of Jackson county, and his name appears thereon as a witness for the state. The jurors in attendance on the court becoming exhausted, an open venire for four persons was issued by the court, directed to the said J. C. Ford as sheriff of said county, and was executed and returned by "J. C. Ford, sheriff, by H. T. Geoffin, Dept.," and a like open venire was subsequently issued for three persons, which was executed and returned by said deputy sheriff, each of said open venires being for jurors to serve

in the trial of this case. The defendant filed the following verified motion, omitting caption and verification:

"Comes now the defendant above named, and objects to service of an open venire of and for jurors herein, by the sheriff of the county of Jackson in the state of Oklahoma, to wit, J. C. Ford and any of his deputies for the following reasons:

"First. Because the said J. C. Ford is, as appears of record herein, the complaining witness whose name is subscribed to the information as complaining witness, and who heretofore verified the information herein as appears from the said information.

"Second. Because the said J. C. Ford is an interested person in the result of this action, and is biased and prejudiced against the defendant.

"Third. For the reason that the acting deputies of the said J. C. Ford, sheriff of the county of Jackson and state of Oklahoma, are witnesses for the state in this case, and are also biased and prejudiced against the defendant, as this defendant's attorneys believe."

Thereupon said J. C. Ford was called as witness by the court, and testified:

"That he did not know anything about the facts in this case; that he was not a witness in this case; that he had no bias or prejudice in securing jurors; that he did not have any bias or prejudice in any way or any kind against the defendant; that he swore to the information in the usual way; that he swore to it by information of other parties."

The court overruled the motion, and the defendant excepted.

The action of the court in issuing an open venire to the sheriff of Jackson county over the objection of the defendant for jurors in this case constitutes "the sole error

complained of by the plaintiff in error." Notwithstanding the alleged error relied upon alone to work a reversal did not require, for a proper review thereof, an examination of the entire record, we have carefully read said record and duly considered the same, and are convinced that the defendant, unless the one error complained of was reversible error, had a fair and legal trial by an impartial jury, and that the evidence—especially when it is remembered that the defendant did not testify in his own defense or offer any defense than that of an alibi predicated upon the testimony alone of his wife—establishes his guilt as charged beyond a reasonable doubt. We do not think, upon reasons hereinafter given and authorities cited, that overruling the motion to prevent the sheriff from serving the said open venires constituted reversible error, and the correctness of this holding is strongly fortified by the evidence, hereinbefore set out, "that he was not a witness in the case, had no personal knowledge of the facts thereof, and that he had no bias or prejudice for or against the defendant in any way," and that the open venires were served, not by the sheriff, but one of his deputies.

This court must not be understood as in the slightest indicating a departure from its often announced rule that "trial by jury means much more than a trial by 12 men. It not only means that the 12 men must possess the qualifications prescribed by law, but it also means that they must have been selected and summoned by impartial and disinterested officers." *Harjo v. United States*, 1 Okla. Cr. 590, 98 Pac. 1021, 20 L. R. A. (N. S.) 1013.

When any doubt exists as to the person proposed to be appointed to serve an open venire being an impartial

and disinterested officer, such doubt should be resolved against his appointment.

The only authority cited by the defendant in support of his alleged error is *Harjo v. United States, supra,* which authority, when the facts of same are considered, does not support his contention, the material difference being that in said case the court declined to permit the defendant to show by evidence the bias and prejudice of the sheriff appointed to execute said open venires, while in the instant case the sheriff was examined and testified, denying any bias or prejudice as set up in defendant's said motion. Hence the said case of *Harjo v. State, supra,* is not in conflict with the views herein expressed.

In *Koontz v. State,* 10 Okla. Cr. 553, 139 Pac. 842, Ann. Cas. 1916A, 689, it is held:

"Under the provisions of section 5848, Rev. Laws 1910, when a panel is formed, or in part formed, from jurors whose names are not drawn from the jury box, a challenge may be taken to the panel, on account of any bias of the officer who summoned them, which would be good ground of challenge to a juror."

In said case the regular panel drawn from the jury box was exhausted, and the court ordered the sheriff to summon talesmen, to which the defendant objected and filed a verified motion, setting up that the sheriff was biased and prejudiced against him, and an improper person to summon said talesmen, which motion the court overruled. Up to this point the facts stated and procedure had are identical with those of the instant case. But thereafter the procedure differed materially in that and in this case, the court refusing to permit the defendant in that case to examine the sheriff as to said alleged bias and prejudice, while in this case the sheriff was examined

and testified to which defendant offered no contradicting evidence, that he was entirely free from bias or prejudice in summoning jurors, or of any bias or prejudice against the defendant.  Hence there is no conflict in the instant case with the rule announced in *Koontz v. State, supra.*

In *Koontz v. State,* Judge Doyle says:

"Plaintiff in error's affidavit as to the bias and prejudice of the sheriff who summoned the open venire was not controverted, and it appears from the record that the name of R. L. Trammell [sheriff who summoned the open venire] was indorsed on the original and amended information, and that he testified on the trial as a witness for the state.  The challenge was disallowed.  We think the court erred in overruling the motion to disqualify the sheriff, in refusing to permit the sheriff to be sworn and examined in support of the motion and challenge to the panel, and in disallowing the challenge to the panel the court erred.  Section 5848 (Rev. Laws 1910), Procedure Criminal, provides:  'When the panel is formed from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground of challenge to a juror.  Such challenge must be made in the same form, and determined in the same manner as if made to a juror.'

"The language of the statute is so plain that no room is left for interpretation. It authorizes a challenge to the panel, on account of the bias of the officer who summons a jury on an open or special venire, upon what would be good ground of a challenge to a juror for bias.  If, then, a challenge for cause would have been sustained against a person called as a juror because he was a material witness for the state, a challenge would also lie upon the same ground to a panel summoned by him.  If he would not be qualified as a juror because of actual or implied bias, as defined by sections 5858 and 5859, Rev. Laws 1910,

he would also be disqualified for the same reason to summon a jury, in whole or in part, whose names are not drawn as jurors from the jury box."

The objection that the sheriff or other officer who summoned the open venire of petit jurors is biased against the defendant having been made a specific ground of challenge to the panel by section 5848, Revised Laws, and the defendant having failed to interpose a challenge to the jury panel on this ground, he thereby waived the presentation of such question in this court on appeal.

In addition, however, it may be stated in this case that the record does not show that the sheriff or any of his deputies were biased against the defendant or against his cause of defense to such an extent as to disqualify him to serve an open venire of petit jurors.

The court is of the opinion, therefore, that the contentions of defendant's counsel are without merit, and that no error is presented in the record such as should result in a reversal of the judgment.

It appearing from the record that a fair and impartial trial was afforded the defendant, the judgment is affirmed.

DOYLE, P. J., and MATSON, J., concur.