## KEARBY LYDE v. STATE.

No. A-3882.      Opinion Filed Sept. 16, 1922.
(209 Pac. 226.)

(Syllabus.)

1. **Jury—Sheriff Disqualified to Summon Talesmen for Special Venire Having Been Witness in Former Trial.** A sheriff who is a material witness for the state in a criminal action, and who was present and testified and heard practically all the testimony offered at a former trial of the same issues, is disqualified to summon talesmen for a special venire in a subsequent trial of the cause.

2. **Same—Panel Vulnerable to Challenge.**—A challenge to the jury panel under such circumstances should have been sustained, under the provisions of section 5848, Rev. Laws 1910.

Appeal from District Court, Love County; W. F. Freeman, Judge.

Kearby Lyde was convicted of rape in the first degree, and he appeals. Reversed and remanded.

See, also, 17 Okla. Cr. 365, 187 Pac. 252; 17 Okla. Cr. 619, 191 Pac. 606.

Graham & Logsdon and George H. Culp, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. On December 1, 1918, Kearby Lyde was by a verdict of the jury found guilty of rape in the first degree. Judgment was rendered on September 13, 1920, pursuant to a mandate of this court in Ex parte Kearby Lyde, 17 Okla. Cr. 619, 191 Pac. 606, August 23, 1920, assessing his punishment at confinement in the penitentiary for a term of 15 years.

Plaintiff in error was on the 20th day of November, 1918, regularly placed on trial before a jury, charged with rape. At this trial the issues were regularly submitted to the jury, but on account of the illness of one of the jurors and their

inability to agree upon a verdict the jury was ordered discharged. On November 29, 1918, the cause came on for trial a second time. The sheriff, F. N. Smith, thereupon returned into open court his service of a special open venire of jurors, and the court ordered such venire impaneled. Plaintiff in error objected to this special venire by a motion to quash the panel, for the reason that the sheriff who summoned these jurors was an important and material witness for the state in the prosecution of this charge; that this sheriff was present and heard all the testimony taken, both at the examining trial and upon the former trial of the cause, wherein the jury failed to reach a verdict; that the sheriff was disqualified to summon a special venire in this cause, on account of his actual bias against the plaintiff in error; that on account of having heard the testimony upon the trial in district court he had formed and expressed an opinion relative to the merits of this case, and was therefore clearly disqualified to select an impartial venire from which to select the jury.

The county attorney admitted that F. N. Smith was the sheriff of Love county, and that his name was indorsed as a witness on the information, and that he had been present and heard the testimony in the two former trials. In support of this motion to quash the panel the sheriff testified that he was present and assisted in the arrest of the plaintiff in error; that he was present at the examining trial, and heard practically all the testimony at that trial, as well as at the former trial in district court; and that he was a witness for the state at the former trial. In the course of this examination, of the sheriff the following question was propounded to him:

"From the testimony which you heard, Mr. Smith, both upon the examining trial and in the case upon the final trial in the district court at this term, have you formed or ex-

pressed an opinion as to the guilt or innocence of the defendant as to the offense charged in the information?''

This was objected to as incompetent, irrelevant, and immaterial, and the objection was sustained by the court. Later this further question was propounded to this officer:

''Based on what you know in this case as an officer and upon the testimony which you have heard in this case, Mr. Smith, could you go into the box, if selected as a juror in this case, without any opinion formed in your mind as to the guilt or innocence of the defendant of the offense charged in the information.''

To this question an objection was likewise interposed and by the court sustained. Section 5848, R. L. 1910, is as follows:

''When the panel is formed from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground of challenge to a juror. Such challenge must be made in the same form, and determined in the same manner as if made to a juror.''

In this case, as in every criminal case, the accused had a constitutional and statutory right to a trial before an impartial jury. In order to safeguard the selection of an impartial jury by means of a special venire, the Legislature saw fit to enact the statute quoted above. The provisions of this statute are plain and susceptible of but one construction; that is, that the officer who summons a special venire must be impartial and unbiased, and must possess such qualifications as would make him acceptable as a juror in the cause. To us it seems clear that this officer did not possess the requisite qualifications, that it was error to sustain the objections propounded to test his qualifications as a juror, and the motion to quash the special venire should have been sustained.

This statute is well calculated to guard against hand-picked juries by officers who might be inclined to select individuals whose inclinations and prejudices would cause them to favor a conviction. This court has recently held, in the case of Liddell v. State, 18 Okla. Cr. 87, 193 Pac. 52, 16 A. L. R. 405, in a well-written opinion by Judge Matson, that it is essential to the fair and impartial administration of justice that an open or special venire of jurors should be summoned by an officer who is not disqualified by reason of interest, bias, or prejudice, and that where the sheriff who serves the open or special venire of jurors is a material witness for the state, and a challenge to the panel of such open venire is interposed, it is prejudicial and reversible error for the court to overrule such challenge, citing Koontz v. State, 10 Okla. Cr. 553, 139 Pac. 842, Ann. Cas. 1916A, 689. This principle has also been stated and upheld in Shepherd v. State, 17 Okla. Cr. 630, 192 Pac. 235; Hisaw v. State, 13 Okla. Cr. 484, 165 Pac. 636; Harjo v. State, 1 Okla. Cr. 590, 98 Pac. 1021, 20 L. R. A. (N. S.) 1013.

The question of the improper selection of a jury being thus presented at the threshold of this inquiry, it becomes unnecessary to notice the several other assignments of error urged in the brief of plaintiff in error.

The judgment of the trial court is reversed, and the cause remanded.

DOYLE, P. J., and MATSON, J., concur.