OSCAR NELSON v. STATE OF NEBRASKA.

FILED NOVEMBER 19, 1926. No. 25392.

1. **Criminal Law:** MISDEMEANORS: JURISDICTION OF DISTRICT COURT. A district court, in the exercise of its original, as distinguished from its appellate, jurisdiction, is empowered to try and determine misdemeanors.

2. ———: APPEARANCE: ISSUANCE OF WARRANT. Where an information is properly filed by the prosecuting attorney and duly served upon the defendant named therein, who is personally present in court and through his counsel attacks by motion the validity of the charges against him therein contained, the district judge may, in his discretion, call upon him to plead thereto, without previous issuance and service of warrant upon any "complaint" including such charges.

3. **Jury:** SELECTION OF PANEL. It is essential to fair and impartial administration of justice that the list of sixty names from which the jury is drawn shall not be selected by officers having an interest in the result of the litigation to be tried by such panel.

4. ———: ———. Where officers, who provide a jury list of sixty names, as required by section 9073, Comp. St. 1922, from which the jury panel challenged is drawn, at the time of the performance of such duties, in their individual capacities, in combination with members of a secret society, in which they also have memberships, engage in an endeavor to secure the conviction of a certain defendant, and for that purpose have

employed, or caused to be employed, and at their private expense are compensating a detective to secure evidence and act as complaining witness and to institute the necessary criminal proceedings against, and to assist in securing the conviction of, such defendant, and where objection is timely made, it is error to refuse to quash the panel.

ERROR to the district court for Phelps county: LEWIS H. BLACKLEDGE, JUDGE. *Reversed.*

S. A. *Dravo* and *Bernard McNeny*, for plaintiff in error.

O. S. *Spillman, Attorney General*, and *Lee Basye, contra.*

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

EBERLY, J.

The defendant, Oscar Nelson, was charged by information, filed in the district court for Phelps county, Nebraska, with the following: (1) That the defendant "did * * * have, possess, and permit intoxicating liquor to be in, upon, and about his premises and buildings, other than his private dwelling house," etc.; (2) that the defendant did * * * carry and transport, for the purpose of sale, and did sell and deliver intoxicating liquor in an amount more than one pint, to wit, two pints," etc. The third count was an attempt to charge a second offense under the provisions of chapter 106, Laws, 1925. Trial was had to a jury. A verdict of guilty was returned on counts 1 and 2. From the sentence of the district court, upon the verdict, the defendant appeals.

The first question presented by the plaintiff in error, defendant below, is the right of the district court to hear and determine the case under the facts as they appear in the record. The record discloses that a complaint was filed in the justice court on December 24, 1925. The exact terms of the complaint do not appear. It appears that on the complaint a warrant was issued and defendant arrested. The record of the magistrate also shows that on December 24, 1925, defendant, Oscar Nelson, appeared, and upon read-

ing of the complaint he plead "not guilty," and waived examination, and was bound over to the district court for Phelps county, Nebraska. The court fixed a bond for his appearance at $2,000, which was furnished and approved. The information was filed in the district court on February 15, 1926, and served on defendant the same day. The journal entry of the district court, covering the trial of this case, discloses that on February 17, 1926, the defendant and his counsel being present, the cause came on to be heard. Then application was made and allowed for the appointment of H. S. Dungan as assistant to the county attorney in the prosecution of this action, which was granted, defendant excepting. Application was then made on the part of the county attorney for the indorsement of additional names of witnesses upon the information, which application was allowed, defendant excepting. The defendant then presented a motion to require the state to elect as between the information in this case and in another case of the docket of the court, which motion was denied. A motion followed by defendant to strike count 3 out of the information and to quash the information and remand the case to the justice of the peace for trial. The court quashed count 3 of the information, and held the defendant for trial in the district court upon the charges in counts 1 and 2, defendant excepting to the ruling.

The defendant contends that the district court had no jurisdiction to try him, no "complaint" being filed therein, and no warrant issued and served. But defendant was present in court with his attorney, participating in the proceedings.

In *Cohoe v. State*, 79 Neb. 811, which was a hearing in the district court of a complaint charging a crime, it was held: "When such complaint is filed in the district court and the person charged with crime in said complaint is present in court, the judge may in his discretion call upon the defendant to plead to the complaint, and proceed with the examination without the issuing of a warrant upon the complaint." The principle announced in this case last

cited applies to proceedings on information and is controlling here. Therefore, under the facts in this case, no objections to the jurisdiction of the district court may be properly founded upon the theory that the issuance of a formal warrant by that court was essential.

It being conceded that, after the third count of the information had been quashed, the two counts then remaining charged offenses amounting to misdemeanors only, did the district court have jurisdiction to try and determine these two counts, or should it have remanded the case to a justice of the peace or other magistrate for trial?

Section 10061, Comp. St. 1922, relating to grand juries, provides in part: "After the charge of the court, the grand jury shall retire * * * and shall proceed to inquire of and present all offenses whatever committed within the limits of the county in and for which they were impaneled and sworn." Section 10072, Comp. St. 1922, provides: "Indictments found by a grand jury * * * shall be filed with the clerk (of the district court), who shall indorse thereon the day of their filing, and shall enter each case upon the appearance docket, and also upon the trial docket of the term, as soon as the parties indicted have been arrested." Section 10073, Comp. St. 1922, in effect, provides that the trial of all indictments returned shall be had in the district court for the county in which the same were found.

It is plain that the words "all offenses" embrace misdemeanors, and it follows, therefore, that when the procedure is by indictment the district court has exclusive jurisdiction to hear and determine prosecutions for misdemeanors.

Section 10086, Comp. St. 1922, provides: "The several courts of this state shall possess and may exercise the same power and jurisdiction to hear, try and determine prosecutions upon information, for * * * misdemeanors, * * * to issue writs and process, and do all other acts therein, as they possess and may exercise in cases of the like prosecutions upon indictments." The language last quoted certainly empowers the district court to try a misdemeanor charged in the information as a proper exercise of its orig-

inal, as distinguished from its appellate, jurisdiction. This
conclusion is supported by the further fact that section
9989, Comp. St. 1922, which vests magistrates with juris-
diction in all cases of misdemeanors (with certain limita-
tions), expressly provides that the jurisdiction conferred is
"concurrent with the district court." It being determined
that the district court has original jurisdiction of the of-
fense charged, the effect of the so-called waiver of prelim-
inary examination, disclosed by the record, cannot be con-
sidered at the present time for the reason that no plea in
abatement was filed. *Dinsmore v. State,* 61 Neb. 418; *Cof-
field v. State,* 44 Neb. 417; *Meyers v. State,* 104 Neb. 356;
*Olsen v. State,* 114 Neb. 112.

It follows that the procedure followed in the district
court in the present case is not vulnerable to objections
made, and that, under the facts in this case, the court com-
mitted no prejudicial error in the appointment of an as-
sistant to the county attorney.

The substance of the fourth paragraph of defendant's
motion to quash the panel of the petit jury, the overruling
of which he assigns as error, was based upon the alleged
disqualifications of the officers who selected the sixty names
from which the panel was drawn. Oral evidence was
tendered by the defendant to support these objections made.
Part of this was received, part excluded, and appears only
in the form of offers of proof to which objections were sus-
tained.

Briefly summarizing, the effect of defendant's record on
this subject tended to establish that the "Imperial Order,
Knights of the Ku Klux Klan, Jurisdiction of Nebraska,"
and an organization known as the "Ministerial Union of
Holdrege," combined together, hired O. O. Goben as a de-
tective for the purpose of investigating and detecting crimes
against the liquor law, and "particularly against the de-
fendent; that A. F. Swanberg, county clerk and *ex officio*
clerk of the county board, and certain members of the board
of county commissioners, all of whom were klansmen, to-
gether with other members of the klan, contributed to a

Nelson v. State.

fund out of which $1,300 to $1,400 was paid to Goben as compensation for his services as a detective in the case against the defendant. Goben was the complaining witness in the instant case, and the officers complained of were the source of the jury list.

Goben states in his evidence that he had a talk, in connection with his employment, with Mr. Ward and Mr. Schrack, then with Mr. Boles and Mr. Swanberg (county clerk) ; that Swanberg represented the klan (the inference is that Schrack and Boles represented the ministerial union) ; that he had received the sum of $1,349.77 which was paid him by A. F. Swanberg; that he was also being paid the sum of $75 a week and expenses during the time spent in attending court of the present trial; that he had gone to the home of the defendant under an assumed name, and, with the money provided by Swanberg, acting for the societies named, induced the defendant to sell him a carton containing a half case of whiskey. This transaction forms the basis of the charge brought against the defendant for which he was tried and convicted.

Where officers, who are required by law to provide a jury list of sixty names, as required by sections 9073, 9074, Comp. St. 1922, from which the jury panel challenged is to be drawn, at the time of the performance of such duties, in their individual capacities, in combination with other members of a secret society, in which they have memberships, engage in an endeavor to secure the conviction of a certain defendant, and for that purpose have employed, or caused to be employed, and at their private expense are compensating a detective to secure evidence and act as complaining witness, to institute the necessary criminal proceedings against, and to assist in securing a conviction of, such defendant, is such panel so selected thereby made subject to motion to quash?

This court is committed to the doctrine that it is essential to the fair and impartial administration of justice that a jury shall not be selected by an officer having an interest in the result of the litigation. *Policky v. State,* 113 Neb.

858, is a case wherein this court held: "A sheriff is disqualified to select and summon a special panel of jurors to serve in a criminal case in which he is the prosecuting witness."

The present case is not an instance of contributions to a fund being made without reference to a particular prosecution; the contributions were made for the prosecution of a particular case. And when this detective was employed by certain of the officers charged with the duties of selecting the jury list, and others, constituting the society in question, such detective so employed is and remains the agent for said officers, as well as all other members of the association, for the purpose of his employment.

The act of the agent is the act of the principal, and when this detective, in the course of his employment, secured the evidence and went upon the stand as a complaining witness, he was, in fact and in law, the *alter ego* of his employers. *Commonwealth v. Moore,* 143 Mass. 136. His presence on the witness-stand and his act in instituting the prosecution was, in legal effect, their presence and their act. As we held the jurors summoned by the sheriff, who was the complaining witness against the defendant, vulnerable to his challenge, so must we hold this jury, whose names were, in fact, designated by parties who were, in truth and in legal effect, complaining witnesses, vulnerable to the same objections.

It follows, therefore, that the court erred in refusing to receive the evidence tendered, and in not permitting defendant to establish, if he could, the fact of membership by the officers, whose acts were questioned, in the society then, theretofore, and thereafter engaged in prosecuting him; that these officers in their individual capacity, together with other members of the society, had hired a detective and contributed the funds, and that such detective was theretofore, and at the trial, still in the employ of the officers who prepared the jury list. *Harjo v. United States,* 1 Okla. Cr. Rep. 590; *Grisson v. State,* 16 Okla. Cr. Rep. 569; *Koontz v. State,* 10 Okla. Cr. Rep. 553.

The conviction had and sentence imposed is therefore set aside and the case reversed and remanded for further proceedings in the district court in accordance with this opinion.

REVERSED.

Note—See Criminal Law, 16 C. J. p. 153 n. 69; p. 298 n. 44—Juries, 35 C. J. p. 260 n. 89; note in 20 L. R. A. n. s. 1013; 16 R. C. L. 233.