ED BOOTH et al. v. STATE.

No. A-9357.    Oct. 6, 1939.

(94 P. 2d 846.)

414

A. L. Commons, H. E. Chandler, and J. G. Austin, all of Miami, for appellants.

Mac Q. Williamson, Attorney General, and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, P. J.   On information filed in the county court of Ottawa county, April 21, 1937, charging that Ed Booth and Roy Nance did in said county have in their possession in excess of thirty pints of whisky, gin, and other intoxicating liquors with the unlawful intent to sell the same, they were tried and convicted.

Separate motions for new trial were duly filed, presented and overruled. Motion in arrest of judgment was made and overruled.

May 22, 1937, the court rendered judgment in accordance with the verdict, and each defendant was sentenced to pay a fine of $125 and to be confined in the

county jail for 30 days. To reverse the judgment they appeal.

A number of errors are assigned and argued, only two of which it is deemed necessary to consider.

That the court erred in overruling the defendants' challenges for cause to jurors summoned as talesmen, and in overruling their challenge to the jury panel.

That the court erred in overruling the defendants' motion to suppress the evidence alleged to have been obtained by an unreasonable search and seizure, by means of a search warrant issued without probable cause, for the reason that the affidavit upon which said search warrant issued was based upon hearsay information, belief and conclusions of the affiant, and that said affidavit and search warrant for the reasons herein stated are illegal, null and void.

The record discloses that on the day on which the information in this case was filed, an affidavit to secure a search warrant was made and signed by Walter L. Young, sheriff of Ottawa county, before John H. Venable, county judge. The search warrant was issued by said county judge, acting as a magistrate, and was served and a certain quantity of liquor found at the private residence occupied as the home of Ed Booth, he not being at home, but Mrs. Booth was there. The defendant Roy Nance being there, said Nance was arrested and the information filed. Indorsed thereon were the names of Walter L. Young, I. W. Ellis, Roy Denman, Joe Hobson and Milton McCullough. The first being sheriff of Ottawa county; Denman and Hobson being deputy sheriffs, Milton McCullough, undersheriff, and I. W. Ellis, chief of police.

The record shows that of the 18 notices sent out to report for jury service, one named was deceased, and one had left the state, which left a panel of 16 jurors; four

of whom were excused the first court day, and five of whom were later excused; that before this case was called for trial the court ordered an open or special venire to be summoned by the sheriff from the body of the county.

It appears that after the state and the defendants had exercised their first peremptory challenges, the state waived its second, and the defendants exercised their second, and after the court had sustained certain challenges for cause, the court over the objection of the defendants made the following order:

"Mr. Young, it appears that what jurors we have are insufficient to complete the panel in this case. It becomes necessary for us to have probably two more jurors, and I ask you to go out and summon two jurors to report here at once."

In response to the summons by the sheriff, two talesmen appeared and were duly sworn on their voir dire, thereupon each claimed exemption from jury services, as being over 60 years of age, and were excused. The court then made the following order:

"That the sheriff or some of his deputies is hereby instructed to go out and get from the body of the county two more who may be jurors in this case. The Court: Now, if any objection to that make it known at this time. Mr. Commons: Come now the defendants and each of them and object to the sheriff or his deputies, to wit: Milton McCullough, Joe Hobson and Roy Denman, summoning the jurors for the reason their names were indorsed upon the information as witnesses in this case."

Objection overruled.

"The Court: Proceed, Mr. McCullough, and bring the jurors in, as I construe the law I have no authority to deputize any body. Mr. Commons: To the order and ruling of the court the defendants and each of them except."

In response to the summons served by undersheriff, McCullough, John Blythe and Charles Kappel reported as jurors and qualified on their voir dire. The defend-

ants, having exercised their third and final peremptory challenge, filed a motion to quash the jury panel herein on the ground that the last two jurors called were not summoned as provided by law, in that the officer who summoned the talesmen, who qualified as jurors, was a material witness against the defendants, and his name was indorsed upon the information. Which motion was overruled. Exceptions reserved.

Thereupon the jury was sworn to try the case.

Our Procedure Criminal provides, sec. 2987, 22 Okla. St. Ann. § 639:

"When the panel is formed from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground of challenge to a juror. Such challenge must be made in the same form, and determined in the same manner as if made to a juror."

It has been repeatedly decided by this court that:

"It is essential to the fair and impartial administration of justice that an open or special venire should be summoned by an officer who is not disqualified by reason of interest, bias, or prejudice." Koontz v. State, 10 Okla. Cr. 553, 139 P. 842, Ann. Cas. 1916A, 689; Liddell v. State, 18 Okla. Cr. 87, 193 P. 52, 16 A.L.R. 405; Lyde v. State, 21 Okla. Cr. 426, 209 P. 226; Roof v. State, 34 Okla. Cr. 145, 245 P. 666; Leigh v. State, 34 Okla. Cr. 338, 246 P. 667; Hammock v. State, 52 Okla. Cr. 429, 6 P. 2d 16.

In the case of Lyde v. State, supra, it is said [21 Okla. Cr. 426, 209 P. 227]:

"This statute is well calculated to guard against hand-picked juries by officers who might be inclined to select individuals whose inclinations and prejudices would cause them to favor a conviction. This court has recently held, in the case of Liddell v. State, 18 Okla. Cr. 87, 193 P. 52, 16 A.L.R. 405, in a well-written opinion by Judge Matson, that it is essential to the fair and impartial administration of justice that an open or special venire of jurors should be summoned by an officer who

is not disqualified by reason of interest, bias, or prejudice, and that where the sheriff who serves the open or special venire of jurors is a material witness for the state, and a challenge to the panel of such open venire is interposed, it is prejudicial and reversible error for the trial court to overrule such challenge, citing Koontz v. State, 10 Okla. Cr. 553, 139 P. 842, Ann. Cas. 1916A, 689. This principle has also been stated and upheld in Shepherd v. State [35 Okla. Cr. 405], 192 P. 235; Hisaw v. State, 13 Okla. Cr. 484, 165 P. 636; Harjo v. United States, 1 Okla. Cr. 590, 98 P. 1021, 20 L.R.A. (N.S.) 1013."

Constitutional provisions, sections 19 and 20 of the Bill of Rights, secure the right of one accused of crime to demand a trial by an impartial jury without regard to the name or grade of the offense.

The right of "trial by jury," secured by the first clause in section 19 of the Bill of Rights, includes the elements of trial by jury as they were known and understood by the framers of the Constitution and the people when they adopted it.

The constitutional guaranty of an impartial jury is as follows:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed." Const. art. 2, sec. 20, Okla. St. Ann. Const. art. 2, § 20.

Under this provision the defendant in a criminal case has a constitutional right to the deliberation and determination of an impartial, unbiased and qualified juror, and not only of one such juror, nor eleven, but twelve men of that class. To deprive him of the legal right to an unbiased and impartial finding on the evidence, which may be in his favor, is to inflict upon him an injustice of the rankest kind, if he has not in some manner waived the departure from the legal course of procedure. Carr v. State, 65 Okla. Cr. 201, 84 P. 2d 42-47.

The framers of our Constitution, in which this right is so sedulously guarded, well knew that a trial by jury afforded the best protection for innocence and the surest mode of punishing guilt ever devised or conceived by the mind of man. Ex parte Johnson, 13 Okla. Cr. 30, 161 P. 1097.

It follows from what has been said that the trial court erred to the prejudice of the substantial rights of the defendants in overruling their challenges for cause and in overruling the motion to quash the panel of the special or open venires of jurors summoned by the sheriff and undersheriff.

The remaining question is whether or not the court erred in overruling the defendants' motion to suppress the evidence.

The question involved is whether the case should be remanded for a new trial or with direction to dismiss.

When the case was called for trial the defendants filed a motion to suppress all the evidence which the state seeks to use on grounds which may be summarized as follows: That the evidence was illegally obtained by means of an unlawful search of the residence of the defendant, Ed Booth, in that the affidavit upon which the search warrant issued does not sufficiently describe the place to be searched or the thing to be seized, as required by law; that said affidavit is based upon information, belief and conclusions of the affiant, and is insufficient to show probable cause, supported by oath or affirmation; that the search and seizure in executing the search warrant issued thereon and the arrest thereunder were alike unlawful and made in contravention and violation of the constitutional rights of the defendants as declared in the provisions found in the Federal and State Constitutions against unreasonable searches and seizures. U.S.C.A. Const. Amend. 4; Okla. St. Ann.

Const. art. 2, § 30. Which motion was by the court overruled.

In the recent case of Yeargain v. State, 67 Okla. Cr. 262, 93 P. 2d 1104, 1107, setting forth an affidavit almost identical, the court held that no facts were stated in the affidavit to support the issuance of the search warrant. In a well-considered opinion by Judge Barefoot, wherein numerous authorities are cited, the opinion concludes:

"The above decisions review the decisions of the Supreme Court of the United States, and other states, upon this question, and we shall not review them here.

"We are clearly of the opinion, as expressed in the decisions heretofore cited, that where a search warrant is based upon an affidavit made merely upon 'information and belief,' and the party making the same has no actual knowledge of the contents thereof, and no facts are stated in the affidavit to support the issuance of the same, that the search warrant issued thereon is void and that the evidence obtained thereunder cannot be introduced in evidence.

"The case of Ray v. State, 43 Okla. Cr. 1, 276 P. 785, insofar as it is in conflict with this decision, is hereby overruled."

Under the provisions found in the federal and state Constitutions against unreasonable searches and seizures, it is uniformly held that a search warrant must conform strictly to the constitutional and statutory provisions for its issuance. And no presumptions of regularity are to be invoked in aid of the process under which an officer obeying its commands undertakes to justify.

It has been said that a paper purporting to be an affidavit, but upon which perjury could not be assigned, if it were false, is not in law an affidavit. 2 C.J.S., Affidavits, § 1.

The true test of the sufficiency of an affidavit is whether it has been drawn in such a manner that it might be the basis of a charge of perjury, if any material

allegation contained therein is false. 1 Am. Jur. Affidavits, sec. 21.

In Uhlenhake v. State, 58 Okla. Cr. 248, 254, 52 P. 2d 117, 120, it is said:

"Probable cause for the issuance of a search warrant is a mixed question of law and fact, and the true test of sufficiency of the complaint or affidavit to warrant the issuance of a search warrant is whether it has been drawn in such a manner that perjury could be charged thereon if any material allegation contained therein is false."

The affidavit amounts to the conclusion merely that the law has been violated. No evidential facts are shown. It is impossible to tell from the affidavit or complaint whether or not the place to be searched was the private residence of any person or persons or of a person unknown to affiant.

For the reasons stated the judgment of the county court of Ottawa county herein is reversed and case remanded, with direction to dismiss.

BAREFOOT and DAVENPORT, JJ., concur.