## GAFF v. THE STATE.

[No. 19,313. Filed October 2, 1900.]

JURY.—*Competency of Juror.—Officers.—Criminal Law.*—Sheriffs have such pecuniary interest in securing convictions in criminal cases as to render their deputies incompetent to serve as jurors in a criminal case. *p. 278.*

SAME.—*Competency of Juror.—Challenge for Cause.—Criminal Law.*—Although §1862 Burns 1894 professes to give all the grounds of challenge for cause, the constitutional guaranty of an impartial jury will not be allowed to be destroyed by the legislature's omission of grounds that clearly render the juror incompetent. *p. 278.*

SAME.—*Talesmen.—Deputy Sheriffs as Jurors.—New Trial.—Criminal Law.*—Where, after trial and conviction, it appeared that two of the jurors called as talesmen were deputy sheriffs of the county, such fact being unknown to defendant or his attorneys until after the verdict, the defendant was entitled to a new trial. *pp. 278, 279.*

From the Noble Circuit Court. *Reversed.*

*T. M. Eells* and *R. P. Barr,* for appellant.

*W. L. Taylor,* Attorney-General, *T. V. Whiteleather, Merrill Moores* and *C. C. Hadley,* for State.

BAKER, C. J.—Appellant was convicted of assault and battery with intent to commit a rape. He complains of the refusal of the court to grant him a new trial. Among the reasons assigned, it was stated that two of the jurors were deputy sheriffs of the county. In support of the motion, appellant filed his affidavit that the two jurors were deputy sheriffs, that they were not of the regular panel but were called as talesmen, that neither appellant nor his attorneys knew that the two jurors were deputy sheriffs until after the return of the verdict, that the two jurors were examined generally as to their competency but failed to disclose that

they were deputy sheriffs, and that if the facts had been known to appellant he would have challenged them from the jury.   One of appellant's attorneys filed his affidavit that after the return of the verdict the sheriff informed him that the two jurors were deputy sheriffs when they tried the case.   Both of appellant's attorneys filed affidavits that they had no notice nor knowledge that the two jurors were deputy sheriffs until after the return of the verdict, and that if they had known the fact they would have interposed challenges for cause.   In opposition to the motion, the two jurors filed their affidavits that they were not biased against appellant, that they had no pecuniary interest in the result of the case, that they did not arrest appellant, that they did not serve any subpœnas or other writs in the case, and that they were not to receive any part of the sheriff's costs.

These deputies were not competent to serve on the impartial jury that is guaranteed by the Constitution.   The sheriff is now paid a salary, and the fees belong to the county. But, inasmuch as the county does not pay the sheriff his salary except out of fees earned and collected, the sheriff has a clear pecuniary interest in securing convictions in criminal cases, since no judgment for costs can be rendered against the State.   These deputies, therefore, stood in the position of employes of one who was pecuniarily interested in their verdict.   And, though §1862 Burns 1894, §1793 R. S. 1881 and Horner 1897, professes to give all the grounds of challenge for cause, of which the present is not one, the constitutional guaranty of an impartial jury will not be allowed to be destroyed by the legislature's omission of grounds that clearly render the juror incompetent. Block v. State, 100 Ind. 357; Zimmerman v. State, 115 Ind. 129; Rhodes v. State, 128 Ind. 189, 25 Am. St. 429.

These deputy sheriffs would doubtless have been rejected by the court on challenge for cause if the facts had been made known.   Appellant was not bound to anticipate that talesmen would be called from among the sheriff's deputies,

and these men should have disclosed the relationship on the general examination as to their competency. *Block* v. *State,* 100 Ind. 357; *Rhodes* v. *State,* 128 Ind. 189, 25 Am. St. 429.

Judgment reversed, with directions to sustain the motion for a new trial.