## LUKE TINNEY v. STATE.

No. A-3273.    Opinion Filed June 4, 1921.
(201 Pac. 819.)

(Syllabus.)

1.    **Jury—Disqualification—Waiver.** A known ground of disqualification to a juror before or during the progress of the trial is waived by withholding it, or refusing or declining to raise the objection until after verdict.

2.    **Homicide—Murder—Right to Complain of Instructions When Convicted of Manslaughter.** Instructions examined, and held free from prejudicial error.

Appeal from District Court, Tillman County; Frank Mathews, Judge.

Luke Tinney was convicted of manslaughter in the first degree, and he appeals. Affirmed.

J. A. Carr and Mounts & Davis, for plaintiff in error.

S. P. Freeling, Atty. Gen., and Sam Hooker, Asst. Atty. Gen., for the State.

MATSON, J. Defendant, Luke Tinney, was convicted in the district court of Tillman county of the crime of manslaughter in the first degree for killing one Thomas Jackson in said county on the 27th day of February, 1917, and was sentenced to serve a term of seven years' imprisonment in the reformatory at Granite, Okla.

It is first contended that the trial court erred in not excluding from service upon the jury one M. F. Cason, for the reason that the said juror entertained conscientious scruples against the infliction of the death penalty, which fact was made known to the court after the juror had been impaneled and sworn to try the cause. There was no attempt to take advantage of this alleged error in the procedure of the trial until after the verdict was rendered. This was too late. In the case of Queenan v. Territory, 11 Okla. 261, 71 Pac. 218, 61 L. R. A. 24, the Supreme Court of the territory of Oklahoma held:

"A known ground of disqualification to a juror, before or during the progress of the trial, is waived by withholding it, or refusing or declining to raise the objection until after verdict."

See, also, 24 Cyc. p. 316, subd. E, §§ 1 and 2.

Instruction No. 6, given by the trial court and excepted to by the defendant, is alleged to be erroneous. An examination of this instruction discloses that it relates entirely to the crime of murder. While the instruction is not open to the objection urged against it, it has been repeatedly held by this court:

"An assignment of error based upon an instruction of the court bearing on the question of the guilt or innocence of a

person on trial of murder is of no avail when the jury return a verdict finding such person guilty of manslaughter and not of murder." Duncan v. State, 11 Okla. Cr. 217, 144 Pac. 629; Byars v. State, 7 Okla. Cr. 650, 126 Pac. 252; Morgan v. Territory, 16 Okla. 530, 85 Pac. 718.

Instruction No. 11 was also excepted to and is as follows:

"You are further instructed that, while one unlawfully attacked has the right to use such force as under the circumstances reasonably appears to him to be necessary to repel the attack and avoid injury to himself, he will not be justified in using greater force than reasonably appears necessary and sufficient so to do; and if he does use greater force than so reasonably appears necessary and sufficient to avoid the danger apparently intended to be inflicted upon him, and thereby kills the person who made the attack, or if, after the attempt to injure him shall have failed and the danger no longer imminent he kills the person making the attempt, he will be guilty of manslaughter in the first degree."

As no brief in this case in behalf of plaintiff in error has been filed, the cause was submitted on the brief filed in the case of Cardwell v. State (No. A-3272) 19 Okla. Cr.—, 201 Pac. 817, this day decided. In the Cardwell Case the facts were dissimilar to this, although self-defense was pleaded in each case. Instruction No. 11 is applicable to the facts detailed by the witnesses for the state construed in connection with the defense interposed, and the jury could reasonably conclude from the entire evidence either (1) that the defendant used greater force than reasonably appeared to him necessary as sufficient to avoid the danger from the deceased, in which case the killing would not be justifiable; or (2) that the injury inflicted by him up on the deceased which caused death occurred after the deceased's attempt to injure defendant had failed and the defendant was no longer in imminent danger from the deceased, in which event the killing would be manslaughter in the first degree under the third subdivision of section 2320, Revised Laws 1910. We cannot see wherein the de-

fendant was in any wise prejudiced by the giving of this instruction.

Instruction No. 13 is also complained of on the ground that it is confusing and misleading. No authorities are cited to support the contention urged. While the instruction covers certain subject-matter contained in other instructions given, we fail to see wherein it could have misled or confused the jury when considered together with all the instructions given in the cause. We regard the court's instructions as a whole to be an able exposition of the law applicable to the facts of the cause.

While the facts in this case are conflicting, there is ample evidence in the record to justify the jury's conclusion that the defendant was guilty of manslaughter in the first degree.

No prejudicial error being urged, and none appearing to the court, it is the opinion of this court that the defendant had a fair and impartial trial, and that the judgment of conviction should be affirmed; and it is so ordered.

DOYLE, P. J., and BESSEY, J., concur.