## WILLIAM REESON v. STATE.

No. A-6215. Opinion Filed Dec. 24, 1928.
(272 Pac. 1033.)

M. B. Cope and J. A. Rinehart, for appellant.

Edwin Dabney, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and W. P. Morrison, Co. Atty., of El Reno, for the State.

DOYLE, P. J. Appellant, William Reeson, was charged by information with having in his possession about one-half gallon of corn whisky with the intent of selling the same. On the trial the jury returned a verdict finding him guilty, and fixing his punishment at a fine of $500 and imprisonment in the county jail for six months. To reverse the judgment he appeals.

It is first contended by appellant that error was committed by the trial court, for the reason that it refused to set aside the verdict of the jury on the ground of the disqualification of one of the jurors. It appears from the record: That during the selection of the jurors the regular panel of the county court was exhausted, and an open venire issued to the court clerk, directing him to summons six additional men to serve as jurors; that among the six men was one L. E. Day. That said talesmen were sworn on matters as prescribed by law having to do with their qualifications to serve as jurors. Said jurors, including the said L. E. Day, were examined by the trial judge as to their qualifications. Having read section 3523, Comp. St., prescribing disqualifications, the judge asked the jurors, including the said L. E. Day, if any of them disqualified under that statute. That the juror L. E. Day did not, on his voir dire examination, make it known that he had theretofore, on the 25th day of January, 1926, been duly appointed and commissioned as a deputy sheriff of Canadian county.

In support of the motion for a new trial appellant filed his affidavit that the juror L. E. Day, called as tales-

man, was a deputy sheriff; that neither appellant nor his attorney knew that the juror L. E. Day was a deputy sheriff until after the return of the verdict; that the juror L. E. Day was examined generally as to his competency, but failed to disclose that he was a deputy sheriff; that the said L. E. Day was selected as the foreman of the jury in the trial of the case; that about 10 days before appellant's trial the county attorney and sheriff in a conversation agreed that said L. E. Day was a fit and proper person to be appointed as deputy sheriff, for the special duty to investigate and report any violations of the prohibitory law; that the sheriff and C. A. Pearce, a deputy sheriff, were witnesses for the state in the trial of the case; that neither the sheriff nor said deputy sheriff divulged to appellant or his attorney the fact that said L. E. Day was a commissioned deputy sheriff of Canadian county; that the juror L. E. Day, during a recess in the trial of the case, talked with C. A. Pearce, deputy sheriff, wherein said Pearce told the juror Day that he wanted him to arrest one T. L. Miller, charged with a violation of the prohibitory law.

T. C. Shacklet, sheriff, upon the hearing of the motion for a new trial, testified in substance to the effect that he gave the juror L. E. Day a special commission about a month before the trial, and that said commission has not been revoked or taken up by him.

Jerd Smith testified that he was in the courthouse on the 16th day of February, 1926, the day of the trial of the defendant, Reeson; that he was acquainted with both Deputy Sheriff C. A. Pearce and L. E. Day, who served as a juror in the Reeson case. He was then asked: "Did you hear any conversation between Mr. Pearce and Mr. Day on that date?" The court sustained the state's objection.

Thereupon counsel for the defendant made profert of proof in substance to the effect that, while the jury in the Reeson case were in the corridor of the courthouse during

a recess in the course of the trial, C. A. Pearce, deputy sheriff, had a conversation with the juror L. E. Day concerning a certain criminal case then pending in the county court of Canadian county, and the said Pearce told the juror Day that one of the defendants in said case, T. L. Miller, had not been arrested, and told the juror Day to find and arrest said Miller; that the witness Smith would so testify if permitted to answer.

It also appears and is undisputed that counsel for defendant had no knowledge previous to the trial of the case that the juror L. E. Day had been commissioned as a deputy sheriff.

Section 3523, C. S. 1921, provides as follows: "All male citizens, residing in this state, having the qualifications of electors, of sound mind and discretion, of good moral character, not justices of the Supreme Court or judges of the Criminal Court of Appeals, district court, superior court or county court, sheriffs or deputy sheriffs, constables, jailers, licensed attorneys engaged in the practice of law, habitual drunkards, not afflicted with a bodily infirmity amounting to a disabilty, and who have never been convicted of any infamous crime or served a term of imprisonment in any penitentiary, for the commission of a felony, are competent jurors to serve on all grand and petit juries within their counties."

A review of the record shows that the juror Day was a deputy sheriff within the meaning of the statutory disqualification.

Counsel for the state insist that the disqualification of the juror was waived under the holdings of this court in David v. State, 14 Okla. Cr. 535, 179 P. 48, Tinney v. State, 19 Okla. Cr. 126, 201 P. 819, and Cooper v. State, 27 Okla. Cr. 279, 226 P. 1066.

In Thompson on Trials, § 114, the rule is stated as follows: "A known cause of challenge is always waived

by withholding it, and raising it as an objection after verdict, since such a practice is incompatible with the good faith and fair dealing which should characterize the administration of justice." This was the rule followed by this court in the cases of David v. State and Tinney v. State, supra.

In the Cooper Case it was held that "it is the duty of the defendant to question the jurors on their voir dire as to their qualifications, and if he fails to do so, he waives any objection on that point, even though the disqualification is unknown to him until after the rendition of the verdict," and further held that "the granting of a new trial, in such case, is a matter of discretion."

Here the record shows that the juror Day on his voir dire qualified as a juror by his answers to questions by the court and by counsel. Appellant was not bound to anticipate that talesmen would be called from among the sheriff's deputies, and the juror Day should have disclosed the relationship on the general examination as to his competency. Gaff v. State, 155 Ind. 277, 58 N. E. 74, 80 Am. St. Rep. 235.

In Spradlin v. State, 13 Okla. Cr. 376, 164 P. 990, it is held: "Where the evidence in support of a motion for a new trial on account of the prejudice of a juror within the definition of actual bias, is clear and convincing, and the rebuttal evidence is doubtful and evasive, the refusal of the trial court to grant a new trial under such circumstances amounts to an abuse of discretion such as will authorize this court to reverse the judgment of conviction." In the opinion it is said: "The impartiality of the jury goes to the very foundation of the accused's liberty, and where evidence is introduced such as is disclosed by this record of a convincing character to show that there is a strong probability that the accused was not accorded that fair and impartial trial guaranteed to him by the Consti-

302

tution and laws of this state, and the rebuttal evidence is of a very unsatisfactory character, the verdict should be set aside and a new trial granted."

We are convinced from a careful examination of the record that the defendant did not have that fair and impartial trial to which he was entitled, and for the reasons stated the judgment appealed from is reversed.

EDWARDS and DAVENPORT, JJ., concur.