KLINK *v.* STATE OF INDIANA.

[No. 25,649. Filed January 29, 1932. Rehearing denied July 1, 1932.]

*M. L. Clawson* and *W. D. Hardy*, for appellant.

*James M. Ogden*, Attorney-General, and *E. Burke Walker*, Deputy Attorney-General, for the State.

TREANOR, J.—The appellant was indicted and convicted under §§2028 and 2598, Burns Ann. Ind. St. 1926, Acts 1905, ch. 169, p. 584, which sections are as follows:

§2028: "Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command or otherwise procure a felony to be committed may be charged by indictment or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and, upon such conviction, he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal."

§2598: "Whoever, being a notary public or other officer or person authorized to administer oaths, certifies that any person was sworn or affirmed before him to any affidavit or other instrument or writing, when, in fact, such person was not so sworn or affirmed, shall, on conviction, be imprisoned in the state prison not less than one year nor more than three years, and fined not less than ten dollars nor more than one thousand dollars."

The indictment charged, in substance, that the appellant did "unlawfully and feloniously counsel, encourage, hire and command" a notary public to "unlawfully, feloniously and falsely certify as said notary public that William Rogers was sworn by her to a certain affidavit by affixing thereto her certificate as appears thereon," when in fact the said William Rogers was not so sworn.

Appellant assigns as error that:

1. The court erred in overruling appellant's motion for a new trial.

2. The court erred in overruling appellant's challenge for cause to juror, Albert T. Shaw.

3. The court erred in overruling appellant's objection to the selection of special judges.

The causes relied upon by appellant in his motion for a new trial are:

1. The finding of the jury is contrary to law.
2. The finding of the jury is not sustained by sufficient evidence.
3. That the court erred in overruling defendant's challenge for cause to juror, Albert T. Shaw.

Counsel for appellant insists that the appellant suffered substantial injury by reason of certain alleged errors of the trial court, which were not properly saved for this appeal; and urges that this Court go to the record for these errors "upon the theory that appellant was not adequately represented" during the trial. Counsel concedes that "under the strict rules of procedure the appellant is entitled only to appeal upon matters which did arise under his motion for a new trial." We shall first consider the matters presented by the motion for a new trial.

Of the three causes for a new trial which were saved by appellant's trial attorneys the first two are waived. The appeal brief does not point out in what respect the verdict of the jury was contrary to law and does not point out "any defect or omission in the evidence on any material point within the issues," (Appellee's brief, p. 4; Ewbank's Appellate Procedure, §§184, 188 [2nd Ed.]; *Barker* v. *State,* 188 Ind. 263, 120 N. E. 593), and neither specification of error is supported by argument or by citation of authorities. (*Hoover* v. *Weesner,* 147 Ind. 510, 45 N. E. 650, 46 N. E. 905; *Hamilton* v. *Hanneman,* 20 Ind. App. 16, 50 N. E. 43.) We assume that appeal counsel intended to waive these two grounds for a new trial.

The third ground of the motion for a new trial is that the court erred in overruling appellant's challenges

for cause to Juror Albert T. Shaw. The appeal brief does not contain the voir dire examination of Juror Shaw, nor a condensed recital of the same. (Cl. 5, Rule 22, Supreme Court Rules.) The argument contains sufficient information to apprise the Court of the substance of the objections to Shaw and the special bill of exceptions contains the full voir dire examination.

It appears from the special bill of exceptions that Shaw was objected to as a juror to try the cause "for the reason that the said Albert T. Shaw was a client of Emsley W. Johnson, a Special Deputy Prosecuting Attorney for the State in the said cause, and for the further reason that the said Emsley W. Johnson was executor of an estate of which the Juror, Albert T. Shaw, and the Juror's wife, were the beneficiaries." The voir dire examination of Shaw discloses that the deputy prosecuting attorney was, at the time of the trial, the executor of the estate of the mother-in-law of Shaw and also was acting as attorney for himself as such executor. The facts respecting the relations of Juror Shaw and the deputy prosecutor do not constitute one of the statutory causes for challenge as set forth in §2257, Burns Ann. Ind. St. 1926. (Acts 1905, ch. 169, p. 584). This Court, however, has declared that while the statute "professes to give all the grounds for challenge for cause . . . the Constitutional guaranty of an impartial jury will not be allowed to be destroyed by the Legislature's omission of grounds that clearly render the juror incompetent." *Gaff* v. *State,* 155 Ind. 277, 58 N. E. 74. And in *Block* v. *State,* 100 Ind. 357, 360, this Court said: "The right of trial by an impartial jury carries with it, by necessary implication, the right to be tried by a capable, as well as a duly qualified jury. It, consequently, follows that objections, in the nature, at least, of challenges for cause, other than those enumerated in section 1793, *supra,* may

be made to the competency of a person called as a juror. This construction appears to us to be inevitable, when the separate parts of our judicial system are considered together as a whole." In order that a challenge for cause may be sustained on the ground of bias implied from the relation of attorney and client between an attorney for the defendant or for the state and the prospective juror it is necessary that such relation shall exist at the time of the trial in question and it is not sufficient to show that the attorney "at some previous time acted as his attorney or transacted legal business for him, if, at the time of the trial the relation of attorney and client does not exist between the attorney and the juror." (*People* v. *McQuade* [1888], 110 N. Y. 284, 18 N. E. 156, 1 L. R. A. 273; *People* v. *Conte,* 17 Cal. App. 771, 122 N. E. 450.) In the instant case it did not appear that the relation of attorney and client existed between the special deputy prosecuting attorney, Johnson, and the juror at the time of the trial. It was shown that Johnson was executor of the estate of the juror's wife's mother and that the juror and his wife were heirs of the mother. This is not sufficient to create a conclusive presumption of implied bias, which, in law, would disqualify the juror. It, therefore, was a question for the determination of the trial court whether the juror was in fact "biased or prejudiced for or against the defendant" (§2257, cl. 11, Burns Ann. Ind. St. 1926) and therefore incompetent to serve as a juror in the trial of this cause. §2258, Burns Ann. Ind. St. 1926, provides:

"All challenges for cause shall be made before the jury is sworn to try the cause, and shall be summarily tried by the court, on the oath of the party challenged or other evidence."

The trial court heard evidence upon the question raised by appellant's challenge and found that the juror

was competent to serve in the trial of the cause. In answer to questions of the court the juror stated unequivocally that he could render a fair verdict. It has been said by this Court in *Stevenson* v. *State*, 110 Ind. 358, at 362, that:

"The question of the competency of a juror, under his statements is left, in a measure, to the sound discretion of the trial judge, which will not be reviewed unless the facts show that it was abused. Moore, Crim. Law, §308; *Bradford* v. *State*, 15 Ind. 347; *Fahnestock* v. *State*, 23 Ind. 231, 237; *Elliott* v. *State*, 73 Ind. 10; *Stout* v. *State*, 90 Ind. 1."

The facts in the instant case do not show an abuse of discretion on the part of the trial judge in overruling appellant's challenge to Juror Shaw.

There was no error in overruling appellant's motion for a new trial.

Appellant's second assignment of error, that "the Court erred in overruling appellant's challenge for cause, to Juror Shaw," was properly assignable as cause for a new trial and has been considered in passing upon the question of error in overruling appellant's motion for a new trial.

Appellant's third assignment of error is that "the court erred in overruling appellant's objection to the selection of special judges," and in support thereof he cites §§2236, 2237 and 2238, Burns Ann. Ind. St. 1926.

Appellant concedes that the foregoing error should have been presented under the motion for a new trial but urges that we disregard our rules in order to consider this alleged error as well as alleged errors in overruling motions for a change of venue and for a continuance of the cause. In view of the fact that appellant's appeal counsel so earnestly insists that "appellant was not adequately represented below" we have examined the record for the sole purpose of determining whether appellant was injured by reason of "inadequate repre-

sentation" by trial counsel. The supposed erroneous action of the trial court in respect to the selection of a special judge consisted of withdrawing the first three names after they had been announced, but before either side had struck a name; the regular judge announcing that one of the three had been found to be disqualified. While that action is not expressly authorized by statute there is nothing in the statutes to prevent the regular judge's withdrawing a tentative list any time before one side has struck a name; in fact it is the statutory duty of the regular judge to submit a list of three who are competent at the time of striking. And so, granting that trial counsel failed to present the alleged error in the method of selecting a special judge, the appellant suffered no injury.

The alleged errors in overruling motions for change of venue and continuance were not included in the assignment of errors. But a careful examination of the record convinces us there was no abuse of discretion in these rulings. The failure to include these rulings in the assignment of error may be attributed to the sound judgment of the trial lawyers rather than to incompetency.

An examination of the transcript of the evidence introduced by the State leaves no doubt that the jury had ample grounds for finding the appellant guilty as charged. The prosecuting witness testified in detail of the efforts, accompanied by threats, of the appellant to induce the witness to make the affidavit in question, the contents of the affidavit consisting of a repudiation of testimony which the witness had given before a Senate Investigating Committee. The evidence strongly indicated that the signature "William W. Rogers" was subscribed to the instrument with the intention of thereby forging the signature of the prosecuting witness, although his middle initial is "M." He de-

nied that he ever signed the instrument or that he ever appeared before a notary public to be sworn to same. Handwriting experts testified that the signature "William W. Rogers" was not written by the witness. The notary public who certified that William W. Rogers, in her presence, subscribed and swore to the truth of the facts set out in the purported affidavit was a witness in the trial of the appellant and testified that she met appellant by appointment "to notarize an affidavit"; that "no one was with him"; that "when he showed me this affidavit it was signed"; that "State's Exhibit No. 2 is the affidavit which he showed me on that occasion"; and that "I notarized that affidavit for him." The notary public also testified that she did not see "William M. Rogers on that day" and "did not swear him to this affidavit." We do not see how the jury could have failed to find that the defendant was guilty as charged in the indictment. And our examination of the record convinces us that the appellant did not suffer by reason of inadequate representation of trial counsel, in fact we fail to find anything in the record that would show reversible error by the trial court.

Judgment affirmed.