DEXTER CAWTHON v. STATE.

156 So. 129.
Opinion Filed July 17, 1934.

*John M. Coe,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—Paragraph 2 of Section 4451, C. G. L., 2774 R. G. S., provides that neither the sheriff nor his deputy shall be qualified to be jurors. Under Section 4443, C. G. L., 2771 R. G. S., grand jurors must be qualified to serve as jurors. The plaintiff in error, Dexter Cawthon, was indicted for the offense of assault with intent to commit murder upon two deputy sheriffs of Santa Rosa County. When his case was called for trial, the defendant filed a plea in abatement alleging that one Hugh Butler, one of the grand jurors who found the indictment against the accused, was at the time his name was drawn from the jury box and at the time he was served with summons to appear for jury

duty, and at all times thereafter, a duly appointed and acting deputy sheriff of Santa Rosa County, Florida, and so announced in open court when called to serve on the grand jury. Upon a trial of the plea, it appeared that Mr. Butler was a person commissioned in writing by the sheriff of Santa Rosa County as one of his deputies and that he had accepted his commission as such, but had not given bond, nor in any way exercised the duties of a deputy sheriff, except to avail himself of the privilege of a peace officer to carry a pistol. The jury found a verdict for the State. Thereupon the court entered a judgment on the plea to the effect that the defendant take no benefit or advantage from his said plea and that he be forthwith arraigned and required to plead further to the indictment found. The court had previously denied the defendant's motion for a new trial upon the plea in abatement and the denial of such motion is made the basis of the first assignment of error in this case.

A majority of the Court are of the opinion that the court erred in refusing a motion for a new trial on the plea in abatement. The purpose of the statute prohibiting sheriffs and their deputies from serving as grand and petit jurors is not only to preserve the fairness and impartiality of grand and petit jurors in fact, but to assure an accused that the jurors who will be called upon to consider his case will be free from any suspicion of bias or prejudice against him on account of their official relationship with prosecuting officers of the State.

We therefore hold that a person commissioned in writing by the sheriff of a county as one of his deputies, who has accepted such commission and has availed himself of the privilege of a peace officer to carry a pistol, is disqualified to serve as a juror, grand or petit, under the laws of this State, even though he has not given bond nor in any other

way exercised the duties of the office of deputy sheriff under the commission as such which he has accepted and holds.

The first assignment of error is sustained and the judgment is reversed with directions to grant a new trial on the defendant's plea in abatement.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.

BUFORD, J., dissents.

BROWN, J. (concurring).—Considering all the circumstances shown by the evidence, I think the trial court also erred in admitting the alleged confession in evidence. This was made the basis of one of the assignments of error.

BUFORD, J. (dissenting).—The fact that a man has been appointed, but has not qualified as required by law, to be a deputy sheriff, does not, in my opinion, constitute him a deputy sheriff and such facts and conditions will not constitute him disqualified to serve on a grand jury. A person is either a deputy sheriff or he is not a deputy sheriff. One must conform to the requirements of the law before he becomes vested with the powers and duties of a deputy sheriff.

Where there is conflict as to whether or not an alleged confession was voluntarily made is a question for the trial judge to determine and if, after a full and fair hearing, he determines that the same was voluntarily made and admits the alleged confession in evidence, a judgment of conviction will not be reversed because of such evidence being admitted, unless it is made clearly to appear that the judge reached the wrong conclusion, although the same may have been reached upon consideration of conflicting evidence.

In this case the conclusion and judgment of the trial judge in this regard is supported by a preponderance of the evidence.

The judgment, I think, should be affirmed.