## HERBERT CARR v. STATE.

No. A-9452. Nov. 3, 1938.

(84 P. 2d 42.)

202

Milton Keen, of Clinton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J.   On information charging that Herbert Carr did drive an automobile on a public highway, in Custer county, while under the influence of intoxicating liquor, he was tried, found guilty, and, in accordance with the verdict of the jury, was sentenced to pay a fine of $100 and to imprisonment in the state penitentiary for a term of six months.   From the judgment he appeals.

Among other assignments of error, it is alleged that the court erred in overruling the defendant's motion for a new trial.   This motion was based principally on the ground of the disqualification of one of the jurors, by reason of the fact that he was a deputy sheriff.

In support of the motion for new trial, the defendant, Herbert Carr, filed his affidavit as follows:

"That one of the jurors in the trial of this cause to wit: Grover Leonard, is now, and was on the 6th day of April, 1936, the day of said trial, and has been for more than 20 years, a duly appointed and commissioned and legally acting deputy sheriff, and was thereby disqualified from serving as a juror in the trial of this action; that immediately prior to the trial of this cause the court thoroughly examined said Grover Leonard along with the other jurors, upon those subjects touching qualifications, and said Grover Leonard then and there concealed his said disqualification; that this defendant caused said Grover Leonard, along with the other jurors, to be examined generally as to competency, but said Grover Leonard did not disclose the fact that he was and had been a deputy sheriff; that neither this defendant nor defendant's attorney, Milton Keen, had any knowledge whatsoever of the fact that said Grover Leonard was a deputy sheriff; that this defendant and his said attorney did not learn of the disqualification of juror, Grover Leonard, until the day after said jury rendered its verdict of guilty as to this defendant; defendant further states to the court as a grounds for a new trial that said Grover Leonard was also duly appointed and commissioned deputy sheriff by G. G. Simpson, the present sheriff of Custer county and other deputy sheriffs of Custer county were witnesses for the state in the trial of this action; that the juror Grover Leonard voted 'guilty' on the first ballot taken by said jury, and said Grover Leonard continued to vote 'guilty' on all ballots taken by said jury, thus prejudicing defendant's constitutional, statutory and substantial rights."

The proceedings had upon the motion for a new trial are set forth in the record by the following stipulation:

"It is hereby stipulated by and between counsel for the state and counsel for the defendant, that in addition to the proceedings heretofore shown in this case-made to have been had upon the motion for new trial filed herein by the defendant, another and different hearing was had upon said motion, at which hearing oral testimony was introduced, which testimony was in substance as follows:

"Garnett G. Simpson, sheriff of Custer county, Okla., under oath certified in substance that, immediately after he became the sheriff of Custer county in 1933, he deputized one Grover Leonard as a deputy sheriff, and gave

a written commission to the said Grover Leonard therefor. That this was the same Grover Leonard who served as a juror in the trial of this cause. That this deputy's commission had not been revoked nor cancelled in any manner, and was in full force and effect at the time of the trial of this cause. That a few days after the trial of this cause, that is the 6th day of April, 1936, the said Grover Leonard approached this witness, Garnett G. Simpson, and told this witness that he, Leonard, had torn up the said deputy's commission the day after the said trial. And that about two weeks after the said trial, this witness did issue another and similar deputy's commission to the said Grover Leonard, which is now in full force and effect. That at no time, did the said Grover Leonard surrender or turn back his said deputy's commission to this witness. That this witness did not see the said Grover Leonard tear up the said commission at any time.

"Grover Leonard, the juror in question, testified under oath in substance that he had been commissioned as a deputy sheriff by Garnett G. Simpson, the sheriff of Custer county, Okla., early in 1933. That he had been a deputy sheriff in said county for more than 20 years. That in 1933, Garnett G. Simpson had administered an oath to him, and given him a written commission as such deputy sheriff. That he was one of the jurors in the trial of this cause on the 6th day of April, 1936, that before said trial commenced, he heard the Honorable W. P. Keen, judge of the said district court, and the presiding judge of said trial, read from the Oklahoma statutes about the disqualification of all deputy sheriffs. That he, Grover Leonard, did not make known to anybody the fact that he was a deputy sheriff. That during all the 20 years he had been a deputy sheriff, he had kept the matter as much a secret as possible, because he believed that he could do better work as an officer if the public did not know of his authority. That he did not want it known at this time. That on the day of the said trial, he was a deputy sheriff; and that the next day he tore up his written commission. That the sheriff, Simpson, had never at any time asked him to surrender his said commission, and had never discussed with him the advisability of a cancellation of said commission. That on the trial of this cause, the said sheriff Simpson, and several of his deputies, were called as witnesses for the state. That when the jury retired for deliberation, this witness advised the other jurors to vote

for a conviction; that on the first ballot taken by said jury, this witness voted 'guilty'; and continued to vote in that manner, and continued to advise the other jurors to vote 'guilty', until on the last ballot, all twelve jurors voted 'guilty'. That the day after the said trial, and after the verdict had been brought into court, Milton Keen, who was attorney for the defendant, Herbert Carr, approached this witness and asked if witness was not a deputy sheriff; that this witness then admitted to Milton Keen that he was a deputy sheriff, but requested Milton Keen to not mention it. Then he told Milton Keen that he had his commission in his pocket during the trial.

"Herbert Carr, the defendant, testified under oath in substance, that at the time of his trial, he was not acquainted with the juror, Grover Leonard, had never heard of him, nor his name, and did not know that Grover Leonard was a deputy sheriff. That this witness did not learn that Grover Leonard was a deputy sheriff until the day after the trial, that is, the 7th day of April, 1936, when so told by his attorney, Milton Keen.

"Milton Keen, the attorney for the defendant, testified under oath in substance that at the time of the trial, he was and had been for several years acquainted with the juror Grover Leonard, but did not then know, and had never known, that Grover Leonard was or had ever been a deputy sheriff. That the judge of the court, W. P. Keen, examined all jurors on their competency, and read to them the statute covering the qualifications and disqualifications, immediately prior to the commencement of this trial; that Grover Leonard was present when this was read, and did not say anything about any disqualification, and did not mention being a deputy sheriff. That this witness examined all the jurors generally as to their competency, and Grover Leonard did not then say anything about being an officer. That had he known of this fact he would have challenged said juror, Grover Leonard. That the day after the jury reached and returned its verdict, this witness learned that Grover Leonard was a deputy sheriff, and immediately contacted said Grover Leonard to verify the truth of same.

"That Grover Leonard admitted that he was, and had been for 20 years, a commissioned deputy sheriff, and had a commission as such an officer in his pocket at the time of the said trial; and said juror asked this witness to

not reveal the fact of his being an officer as he did not want the public to learn of it, as he had been doing considerable under-cover work for the sheriff, Garnett G. Simpson. That immediately, this witness, Milton Keen, contacted Garnett G. Simpson, the sheriff of Custer county and asked him whether or not Grover Leonard had been a deputy sheriff on the day of the trial. And Garnett G. Simpson told this witness that Grover Leonard had been commissioned by him as a deputy sheriff in February, 1933, and had continued to act as such officer ever since.

"On cross-examination of Grover Leonard and Garnett G. Simpson, the county attorney brought out that Grover Leonard was not a salaried deputy and was not under bond, and had no authority to serve civil process."

It appears from the record that the verdict of the jury was returned April 6, 1936, and that on September 21, 1937, said motion for a new trial was overruled. Thereupon the court rendered judgment in conformity with the verdict.

The statute, section 805, St. 1931, 38 Okla. St. Ann. § 10, disqualifies sheriffs, deputy sheriffs, constables and jailers from performing jury service.

A review of the record shows that the juror, Leonard, was a deputy sheriff within the meaning of the statutory disqualification.

Whether or not the ruling of the court was error, prejudicial to the substantial rights of the defendant, is the question presented.

The rule is well settled that a known ground of disqualification to a juror before or during the progress of the trial, is waived by withholding it, or refusing or declining to raise the objection until after verdict. Queenan v. Territory, 11 Okla. 261, 71 P. 218, 61 L.R.A. 324, affirmed 190 U. S. 548, 23 S. Ct. 762, 47 L. Ed. 1175; David v. State, 14 Okla. Cr. 535, 179 P. 48; Tinney v. State, 19 Okla. Cr. 126, 201 P. 819.

In Thompson on Trials, sec. 114, the rule is stated as follows:

"A known cause of challenge is always waived by withholding it, and raising it as an objection after verdict, since such a practice is incompatible with the good faith and fair dealing which should characterize the administration of justice."

This was the rule followed by this court in the case of David v. State and Tinney v. State, supra.

In the case at bar the record shows that the juror, Leonard, on his voir dire qualified as a juror by his answers to questions by the court and by counsel.

In the case of Reeson v. State, 41 Okla. Cr. 297, 272 P. 1033, this court held that:

"A defendant in a criminal case is entitled to a new trial, where one of the jurors called as a talesman was a deputy sheriff, which fact was not known to the defendant or his attorneys until after the return of the verdict."

In the recent case of Tripp v. State, 63 Okla. Cr. 41, 72 P. 2d 529, this court held:

"The statute disqualifying sheriffs from performing jury service applies to deputy sheriffs as well, and a deputy sheriff when challenged on such ground is not eligible to sit on jury in criminal case. (38 Okla. St. Ann. § 10, St. 1931, § 805; 19 Okla. St. Ann. § 547, St. 1931, § 7630.)"

In Robinson v. Territory of Oklahoma, 148 F. 830, in error to the Supreme Court of the Territory of Oklahoma (16 Okla. 241, 85 P. 451), the Circuit Court of Appeals, Eighth Circuit, said [page 831]:

"Counsel for the territory now contend that the testimony does not show that McCracken was in fact a deputy sheriff; that the holding of a commission by him does not establish that he had qualified under it. There is no merit in this refinement. The evidence was properly treated as prima facie proof that he was a deputy sheriff, and if it was susceptible of any doubtful meaning counsel for the territory and the trial court obviously did not so treat it."

The opinion of the court concludes as follows:

"Every reason of public policy which disqualifies a sheriff for jury service appertains to a deputy sheriff, and the latter falls, not only within the reason of the rule disqualifying the former, but within the letter of the statute disqualifying 'sheriffs'. Within the purview of this statute a deputy is no less a 'sheriff' because he is not chief. We think the district court erred in overruling defendant's challenge to Juror McCracken, and that the Supreme Court of the territory erred in not reversing the judgment for that reason."

In 16 C. J. 1152, it is said:

"If the objection relates to the moral capacity or impartiality of the juror, or to any matter which goes to impeach the fairness or impartiality of the verdict, if not discovered until after the verdict, it would, no doubt be as good a ground for a new trial as a cause of challenge before. But when the objection rests on technical grounds, such as the want of property, alienage, or the like, not at all affecting the moral capacity or impartiality of the triers or the justice of the verdict, the rule usually does not apply."

While the rule is definitely settled that where the defendant had knowledge of the disqualification of a juror he is bound to make his objection by way of challenge before the jury is sworn; otherwise he will be deemed to have waived it. This doctrine of waiver is extended to all criminal cases. Starr v. State, 5 Okla. Cr. 440, 115 P. 356, 369. A waiver involves the idea of assent and assent is primarily an act of the understanding. It presupposes that the person to be affected has knowledge of his rights, but does not wish to enforce them. He cannot properly be said to waive that of which he had no knowledge. It must appear that the defendant had knowledge of the disqualification of a juror before it can be held that he waived the objection.

However, it is the duty of the defendant to ascertain, by proper examination on their voir dire, the competency of jurors, and if he fails to do so, he waives his challenge

even though the disqualification is unknown to him until after the rendition of the verdict. The granting of a new trial, in such case, is a matter of judicial discretion. Cooper v. State, 27 Okla. Cr. 278, 226 P. 1066; 16 Corpus Juris, 1158.

The constitutional guaranty of an impartial jury is as follows:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed." Const. art. 2, § 20, Okla. St. Ann. Const. art. 2, § 20.

Under this provision the defendant in a criminal case has a constitutional right to the deliberation and determination of an impartial, unbiased and qualified juror, and not only of one such juror, nor eleven, but twelve men of that class. To deprive him of the legal right to an unbiased and impartial finding on the evidence, which may be in his favor, is to inflict upon him an injustice of the rankest kind, if he has not in some manner waived the departure from the legal course of procedure.

In the case of Spradlin v. State, 13 Okla. Cr. 376, 164 P. 990, it is said:

"The impartiality of the jury goes to the very foundation of the accused's liberty, and where evidence is introduced such as is disclosed by this record of a convincing character to show that there is a strong probability that the accused was not accorded that fair and impartial trial guaranteed to him by the Constitution and laws of this state, and the rebuttal evidence is of a very unsatisfactory character, the verdict should be set aside and a new trial granted. It requires the unanimous consent of the jury to convict, and a fair and impartial jury is not had by 11 impartial men and one man shown to be prejudiced within the definition of actual bias."

Every person charged with crime is entitled to a fair trial in conformity to the laws of the state, and it is a duty resting upon the courts to see that this guaranty

conferred by the laws upon every citizen is upheld and sustained. And it is the duty of courts to see that the constitutional rights of a defendant in a criminal case shall not be violated, however negligent he may be in raising his objection.

It follows from the foregoing review that the defendant did not have a fair and impartial trial, in that his constitutional right to a trial by an impartial jury was denied.

It is also contended that the verdict is contrary to law and to the evidence, and that the court erred in overruling defendant's motion at the close of all the evidence to direct the jury to return a verdict of not guilty.

It appears that on the date alleged, the defendant, a colored man, was driving an automobile on State Highway No. 14, about two miles south of the city of Clinton; with him was riding another colored man, when a collision occurred with an automobile occupied by four white people. Both cars were damaged to the extent that neither could be driven under its own power, but nobody was seriously injured.

As to the sufficiency of the evidence it is sufficient to say that the testimony was in sharp conflict whether or not the defendant was under the influence of intoxicating liquor when the collision occurred, and that issue was a question of fact for the jury to determine. We think the court very properly overruled the motion for a directed verdict of acquittal.

For the reasons stated, the judgment of the lower court is reversed and the case remanded for a retrial.

DAVENPORT, P. J., and BAREFOOT, J., concur.