Bobby Clinton THOMPSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–285.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1974.

Rehearing Denied Feb. 15, 1974.

E. E. Thompson, Thompson & Thompson, Poteau, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION AND DECISION

BRETT, Judge:

Appellant, Bobby Clinton Thompson, hereinafter referred to as defendant, was charged by information in the District Court, Le Flore County Oklahoma, with the crime of Murder. At his jury trial the jury found defendant guilty of Manslaughter in the Second Degree and assessed defendant's punishment at four (4) years imprisonment. A motion for new trial was duly presented and overruled by the trial court. Judgment and sentence was imposed on defendant April 24, 1973. From that judgment and sentence this appeal has been lodged.

The information charging defendant with the crime of murder alleged that on January 6, 1973, defendant caused the death of one Loaton Keifer by striking the deceased in the head with "the butt of a 12 gauge shotgun." The proof showed that the deceased was struck in the back of the head by some object which caused his death. Prior to the commencement of trial, the prosecution moved to strike from the information the words "the butt of," but the trial court denied the prosecution's motion. At the conclusion of defendant's testimony, the prosecution again moved to strike the same phrase from the information, and the prosecution's second motion was sustained over defendant's objection. At the conclusion of the court's instructions and closing argument, the jury returned its verdict finding the defendant guilty of manslaughter in the second degree, and assessed his punishment at four (4) years imprisonment. Throughout his trial and this appeal, defendant has been represented by court appointed counsel,

Mr. E. E. Thompson, of Poteau, Oklahoma.

Defendant's first proposition asserts, "The court erred during the selection of the jury in this case, by refusing to excuse for cause the prospective jurors, Ben Goodin and M. L. Baker, although such prospective jurors were disqualified to serve as jurors, because they were duly appointed deputy sheriffs of LeFlore County, Oklahoma, and because Goodin attended defendant's preliminary hearing."

Defendant asserts that both Ben Goodin and M. L. Baker were deputy sheriffs of Le Flore County, notwithstanding the fact that neither had filed the required One Thousand Dollar bond. Defendant also asserts that in addition to this complaint, M. L. Baker is the brother of Deputy Sheriff Troy Baker, who appeared as one of the State's witnesses in the prosecution of defendant. Defendant therefore asserts that it was error when the trial court denied defendant's challenge for cause of these two prospective jurors. Because the challenges for cause were denied, defendant was required to use two peremptory challenges. Defendant also asserts that during the voir dire of the jury he exhausted all of his peremptory challenges and was required to accept on the jury one Othel Gamble. In his reply brief defendant sets out that Mr. Gamble was the foreman of this jury and is "a well known, influential, and prosperous river-bottom farmer in northern LeFlore County. He has had considerable trouble with thieves stealing his farm equipment, etc., and he has had considerable trouble in prosecuting these thieves in Court. These facts were well known to defense counsel at the trial of the instant case, and this juror was not a desirable juror to be left on this case. However, this Defendant ran out of peremptory challenges, because he was compelled to remove Baker and Goodin from the jury and thereby use up two of his peremptory challenges, when Baker and Goodin should have been excused for cause."

The deputy sheriff's commission which the prosecution asserts is an honorary commission, recites the following:

"State of Oklahoma, County of LeFlore, ss. KNOW ALL MEN BY THESE PRESENTS: That I, Robert Sears, Sheriff of the County aforesaid, in pursuance of the authority vested in me by law, do hereby constitute and appoint M. L. Baker To the office of Deputy Sheriff of LeFlore County, to do and perform such acts as he is by law authorized to do as Deputy Sheriff, to serve in such capacity until this commission is revoked. Dated January 9, 1973. [/s/] Robert Sears Sheriff of LeFlore County, Oklahoma" [1]

The record reflects that neither of the so-called "commissions" had heretofore been revoked, and both men were sworn in as deputies. It was the position of the trial court that insofar as neither prospective juror had filed a performance bond, that neither of the commissions was in force and effect. It was admitted that M. L. Baker is the brother of Deputy Sheriff Troy Baker, and that the two men are very close as brothers. Defendant contends that under the provisions of 38 O.S.1971, § 28, both men were disqualified to serve as jurors because they were deputy sheriffs with constituted authority; and therefore, defendant was denied a fair trial because he was required to unnecessarily exhaust his peremptory challenges which resulted in injury to the defendant.

Carr v. State, 65 Okl.Cr. 201, 84 P.2d 42 (1938), states:

"The Constitutional guaranty of an impartial jury is as follows: 'In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed.' . . . Under this provision the defendant in a criminal case has a constitutional right to the deliberation and determination of an impartial, unbiased and qualified juror, and not only of one such juror, nor eleven, but twelve men of that class. To deprive him of the legal right of an unbiased and impartial finding on the evidence, which may be in his favor, is to inflict upon him an injustice of the rankest kind, if he has not in some manner waived the departure from the legal course of procedure." Art. 2, Sec. 20, Okla.Const.

The record is clear in this appeal that defendant did not waiver from such legal course of procedure. Instead, defendant vigorously asserted his position to the trial court.

With reference to a similar courtesy card, this Court stated in State v. Smith, Okl.Cr., 320 P.2d 719, 723 (1958):

"The state urges that Mr. Murrell held nothing more than a courtesy card from Sheriff Nicholson which did not vest him with the powers of a deputy sheriff. . . . It is true he filed no bond, nor was his appointment approved by the County Commissioners. It is well to note the courtesy cards referred to repeatedly by the state in its brief were not similar to the deputy sheriff's commission involved. It should also be noted that the Sheriff, Honorable Bill Nicholson, was the principal witness before the grand jury against the defendant, Tom Smith. The association between Mr. Murrell and Sheriff Nicholson was such that Mr. Murrell's presence on the jury was practically as objectionable as it would have been if Sheriff Nicholson himself had been on the jury. . . . This fact would militate against Mr. Murrell's qualification as a fair and impartial grand juror."

 It appears reasonable to believe if the association of Mr. Murrell to Sheriff Nicholson was sufficiently close to disqualify Murrell from serving as a member of the grand jury, while not being related

1. Goodin's commission contained the same language. See appendix A & B attached hereto.

to the Sheriff, certainly then the relationship of M. L. Baker was even closer than that of Murrell. It is to be remembered that M. L. Baker was the brother to Deputy Sheriff Baker, who was to serve as a witness in chief against defendant. If Murrell was disqualified to serve on the grand jury, then M. L. Baker should have likewise been disqualified to serve on this jury; and the challenge for cause should have been sustained. Consequently, the trial court committed error when the challenge for cause of Baker was denied; and we believe also it was error to have denied the challenge of Goodin.

■■ However, this Court has repeatedly held that it is not error alone that reverses judgments of convictions of crime in this State, but error plus injury, and the burden is upon the appellant to establish to the appellate court the fact that he was prejudiced in his substantial rights by the commission of error, e. g. Fennell v. State, Okl.Cr., 396 P.2d 889 (1964). In the Fennell case the defendant did not exhaust all of his peremptory challenges, but in the instant case defendant did exhaust all of his peremptory challenges and was thereby precluded from removing a prospective juror from the panel, whom he considered to be undesirable to his position. Consequently, because of the denial of the challenges for cause, defendant was injured sufficiently to cause this error to constitute reversible error. We believe defendant's position therefore contains merit.

While quoting from Reeson v. State, 41 Okl.Cr. 297, 272 P. 1033 (1928), this Court held in Carr v. State, supra:

"A defendant in a criminal case is entitled to a new trial, where one of the jurors called as a talesman was a deputy sheriff, which fact was not known to the defendant or his attorneys until after the return of the verdict."

We also find in State v. Smith, supra, that this Court recited with approval the decision of the Florida Supreme Court in Cawthon v. State, 115 Fla. 801, 156 So. 129, wherein it held as follows:

"[A] person commissioned in writing by the sheriff of a county as one of his deputies, who has accepted such commission and has availed himself of the privilege of a peace officer to carry a pistol, is disqualified to serve as a juror, grand or petit, under the laws of this state, even though he was not given bond nor in any other way exercised the duties of the office of deputy sheriff under the commission as such which he has accepted and holds."

There is no doubt whatsoever, both challenged jurors had accepted the commission of deputy sheriff, and both had been administered the oath of office for that position. (See Appendix A & B hereto.) Therefore, the controlling question in this case was not whether or not the jurors had filed a bond for the office of deputy sheriff, but instead, the question was whether or not they had accepted the commissions of office. The record is abundantly clear that both men had accepted those commissions. Consequently, it cannot be said that the two men did not have authority to act as a deputy sheriff, only because they had not filed a bond and been approved by the County Commissioners. Under the facts of this case, either man could have exercised the office of deputy sheriff under the authority granted them by the County Sheriff. Such being the case, Mr. Ben Goodin and Mr. M. L. Baker were both subject to challenge for cause, because they were deputy sheriffs; and Mr. Baker was further subject to challenge for cause because of his close relationship to one of the prosecution's witnesses in chief.

We are therefore of the opinion that the trial court committed reversible error when defendant's challenges for cause were denied him on the voir dire of the jury in Le Flore County District Court Case No. CRF–73–285; and, that this conviction must be reversed and remanded for a new trial.

And further, in accordance with the provisions of Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), defendant's new trial must be for the offense of Second Degree Manslaughter. See also Lime v. State, Okl.Cr., 479 P.2d 608 (1971).

It is so ordered.

## APPENDIX A

### DEFENDANT'S EXHIBIT 1.

STATE OF OKLAHOMA }
COUNTY OF LeFLORE } ss.

#### KNOW ALL MEN BY THESE PRESENTS:

That I, ROBERT SEARS, Sheriff of the County aforesaid, in pursuance of the authority vested in me by law, do hereby constitute and appoint Ben Goodin to the office of Spec. Deputy Sheriff of LeFlore County, to do and perform such acts as he is by law authorized to do as Spec. Deputy Sheriff, to serve in such capacity until this commission is revoked.

Dated January 9, 1973.

/s/ ROBERT SEARS
Sheriff of LeFlore County, Oklahoma

### DEFENDANT'S EXHIBIT 2.

(Space for Photo) (Finger Print)

I, Ben Goodin do solemnly swear that I will support the constitution of the United States and the constitution of the State of Oklahoma, and that I will faithfully discharge the duties of this office to the best of my ability, so help me, God.

/s/ Jerry B. Goodin

Subscribed and sworn to before me this 19th day of January, 1973.

/s/ Dorothy R. Thompson, Notary Public
My Com. expires 2/1/73.

APPENDIX B

DEFENDANT'S EXHIBIT 3.

STATE OF OKLAHOMA $\Big\}$ ss.
COUNTY OF LeFLORE

KNOW ALL MEN BY THESE PRESENTS:

That I, ROBERT SEARS, Sheriff of the County aforesaid, in pursuance of the authority vested in me by law, do hereby constitute and appoint M. L. Baker to the office of Deputy Sheriff of LeFlore County, to do and perform such acts as he is by law authorized to do as Deputy Sheriff, to serve in such capacity until this commission is revoked.

Dated January 9, 1973.

/s/ ROBERT SEARS
Sheriff of LeFlore County,
Oklahoma.

DEFENDANT'S EXHIBIT 4.

(Space for Photo) (Space for Finger Print)

I, M. L. Baker do solemnly swear that I will support the constitution of the United States and the Constitution of the State of Oklahoma, and that I will faithfuly discharge the duties of this office to the best of my ability, so help me, God.

/s/ M. L. Baker

Subscribed and sworn to before me this 9th day of January, 1973.

/s/ Dorothy R. Thompson, Notary Public
My Com. expires 2/1/73.